CHARLES DEANE & another *vs.* HOME FOR AGED COLORED WOMEN & others.

If the ambiguity of a will renders it doubtful to which of several charities a legacy shall be paid, the costs as between counsel and client of all parties to a bill by executors praying for instructions as to the disposition of the legacy are to be paid out of the testator's general estate.

BILL IN EQUITY by Charles Deane and George C. Lord, executors of the will of Robert Waterston, against the Home for Aged Colored Women, the Association for the Relief of Aged, Indigent Females, the American Bible Society, the Massachusetts Bible Society, the Massachusetts Radical Peace Society and the American Peace Society, praying for instructions as to the disposal of certain legacies.

The bill alleged that the testator left a will, the material clauses of which were as follows :

" Thirteenth, to the following societies, to wit, the Benevolent Fraternity of Churches in Boston, the Home for Aged Women, the Freedmen's Aid Society, the Home for Aged Men, the Howard Benevolent Society, the Boston Provident Association, the Children's Mission, the Fatherless and Widows' Society, the So-

ciety for the Prevention of Pauperism, the Children's Aid Society, the Society for the Relief of Aged and Destitute Clergymen, I give and bequeath to each the sum of two thousand dollars. To the Needlewoman's Friend Society, the Bible Society, the Washingtonian Home for the Fallen, and the Society for Promoting Peace on Earth and Good Will toward Men, I give and bequeath to each one thousand dollars. And it is my intention that the above societies shall receive the above sums, whether I have in all cases described them by their legal names or not, giving my executors full authority to pay out said sums to the trustees or proper officers of said societies, whether the same are corporate bodies or voluntary associations, and directing them to pay such sums to such societies, associations and institutions as are usually and commonly known by the names above described; the above legacies to be paid free of government tax.

" Fourteenth. All the rest and residue of my estate I direct shall be divided and appropriated as follows : to wit, one quarter part shall be held by the trustees, hereafter named, and invested for the benefit of each and all my grandchildren, in equal portions, each to receive his or her share as he or she shall become twenty-one years old, and such as may be of that age on the settlement of my estate shall receive their portion on such settlement; and what shall constitute a share for each grandchild shall be determined by said executors and trustees, and their determination shall be conclusive and final on all parties interested in said funds. And if any of my grandchildren shall die before they arrive at the age of twenty-one leaving issue, then such issue shall have the parents' share by right of representation. One quarter part shall be divided among the charitable societies and institutions named in article thirteenth of this will and in the same proportion as I have given legacies therein to the same ; provided, however, that if the amount of said one quarter shall exceed fifty per cent. of the amount of such legacies, then such excess may be appropriated by my executors for such institution and for such charitable purposes as they may think proper. And the remaining half of such residue shall be divided equally among my children living at the time of my decease, and the children of such

as may have deceased, such children taking the share which the parent would have received if he or she had been living."

The bill further alleged that there were no such societies as the Home for Aged Women, the Bible Society and the Society for the Promotion of Peace on Earth and Good Will toward Men; and prayed for instructions as to whom the plaintiffs should pay the legacies given to these societies.

The Home for Aged Colored Women and the Association for the Relief of Aged, Indigent Females filed answers, each claiming the legacy given to the Home for Aged Women. The American Bible Society did not appear. The Massachusetts Bible Society filed an answer, claiming the legacy given to the Bible Society. And the Massachusetts Radical Peace Society and the American Peace Society filed answers, each claiming the legacy given to the Society for Promoting Peace on Earth and Good Will toward Men.

A decree was made ordering the legacy to the Bible Society to be paid to the Massachusetts Bible Society, the society to pay out such proportion of costs as should be thereafter decreed.

The case was then sent to a master, who reported the facts as to the legacy given to the Home for Aged Women, upon which the legacy was determined to belong to the Association for the Relief of Aged, Indigent Females. The Massachusetts Radical Society afterwards withdrew its answer, and the legacy given to the Society for Promoting Peace on Earth and Good Will toward Men, was determined to belong to the American Peace Society. *Colt*, J., found "that in each of these cases it was a matter of doubt to which of the several sets of societies made defendants each legacy should be paid, and that the matter was a proper subject for judicial inquiry;" and, at the request of the plaintiffs, reserved for the determination of the full court the question of costs and from what fund they should be paid.

*R. D. Smith*, for the plaintiffs. The estate can in no event be benefited by the result of the inquiry. *Sanderson* v. *White*, 18 Pick. 328. *In re Jarman's Trusts*, L. R. 1 Eq. 71. The executors simply bring funds bequeathed before the court to have them properly disposed of. *Attorney General* v. *Lawes*, 8 Hare, 32.

*Sargent* v. *Sargent*, 103 Mass. 297. *Bigelow* v. *Morong*, Ib. 287. *Martineau* v. *Rogers*, 8 De G., M. & G. 328, 335. That the costs as between counsel and client are to be taken out of the legacy in dispute, has been authoritatively determined by this court in a case which cannot be distinguished from this. *Bliss* v. *American Bible Society*, 2 Allen, 334. See, also, *Jenour* v. *Jenour*, 10 Ves. 562; *In re Kilvert's Trusts*, L. R. 12 Eq. 183.

*C. T. Russell*, for the American Peace Society. The necessity of resort to the court arises, not only out of an ambiguity in the will, but out of one of which the testator was entirely conscious. Whenever such necessity arises, the whole costs are a charge upon the general estate. *Bagshaw* v. *Newton*, 9 Mod. 283. *Jolliffe* v. *East*, 3 Bro. Ch. 25. *Baugh* v. *Reed*, Ib. 192. *House* v. *Chapman*, 4 Ves. 542, 549. *Barrington* v. *Tristram*, 6 Ves. 345. *Pearson* v. *Pearson*, 1 Sch. & Lef. 10, 12. *Wilson* v. *Squire*, 13 Sim. 212. *Moggridge* v. *Thackwell*, 7 Ves. 36, 87. *Wallis* v. *Williams*, Beam. Costs, 341. *Handley* v. *Davies*, 5 Jur. (N. S.) 190. *Wilkinson* v. *Lindgren*, L. R. 5 Ch. 570, 572. *Tann* v. *Tann*, L. R. 7 Eq. 436. *Sawyer* v. *Baldwin*, 20 Pick. 378, 389. *Monks* v. *Monks*, 7 Allen, 401, 406. *Bowditch* v. *Soltyk*, 99 Mass. 136, 141. *Abbott* v. *Bradstreet*, 3 Allen, 587. *Bigelow* v. *Morong*, 103 Mass. 287. *Attorney General* v. *Lawes*, 8 Hare, 32. In *Bliss* v. *American Tract Society*, 2 Allen, 334, the question of costs does not appear to have been raised, but the direction to pay them out of the particular fund, may rest on the exceptions mentioned in *Wilson* v. *Squire, Attorney General* v. *Lawes*, and *Bigelow* v. *Morong, ubi supra.*

CHAPMAN, C. J. We must regard it as a general rule established by the authorities cited by the defendants' counsel that whenever a testator has expressed himself so ambiguously as to make it necessary for his executors to come to this court, the costs should be paid out of the general assets. This case comes within the general rule. *Decree accordingly.*