DAVID R. STRAW, jr., executor, *vs.* TRUSTEES OF THE EAST MAINE CONFERENCE OF THE METHODIST EPISCOPAL CHURCH, *et als.*

Piscataquis.   Decided May 8, 1877.

*Will.   Costs.*

A bequest to the "Methodist Episcopal Missionary Society of Maine" may be taken by the "Trustees of the East Maine Conference of the Methodist Episcopal Church," there being no society of the former name, and the latter being an incorporated institution created for the purpose of maintaining the cause of domestic missions in Eastern Maine, within which territorial section the testatrix resided at the time of her death.

The costs of a suit in equity, including counsel fees on both sides, instituted to ascertain the meaning of an ambiguous clause in a will, may be charged to the general assets of the estate, as having been occasioned by a want of care and precaution on the part of the testator himself.

BILL IN EQUITY, asking the construction of the will of Bial Edes, a widow, who died at Guilford, August 15, 1874, without parents or issue. The will, dated July 8, 1874, duly proved at the October term of the probate court, 1874, contains three items. The first names the plaintiff executor and provides for debts and funeral expenses. Then follows:

"Second—I give and bequeath to each of my sisters, Betsey Mitchell, Lucretia West and Phebe Soule, and each of my brothers, Cornelius Soule and Isaac Soule, if living, the sum of one dollar.

"Third—I give, devise and bequeath all the rest and residue of my estate, real and personal, to the Methodist Episcopal Missionary Society of Maine, to be paid to them as soon as may conveniently be done after my decease."

The bill states that there is no society so named; but there is one corporation named "Trustees of the East Maine Conference of the Methodist Episcopal Church," and another named "Missionary Society of the East Maine Conference," and asks the construction of the will in this: Whether the devise under the circumstances of the case is valid and will justify the plaintiff in delivering the residue of the estate to either of the corporations, and if to either, which.

Other facts appear in the opinion.

*A. W. Paine,* for the plaintiff.

*J. M. Goodwin & W. F. Lunt,* for the heirs-at-law.

PETERS, J.    The testatrix made a bequest to "The Methodist Episcopal Missionary Society of Maine." This is, no doubt, a charitable bequest. *The Maine Baptist Missionary Convention* v. *City of Portland,* 65 Maine, 92. And it is to be sustained, if either the trustee or the *cestui que trust* can be ascertained. *Howard* v. *The American Peace Society,* 49 Maine, 288.

There is no society answering literally the description in the will. There are four societies which, by possibility, might compete for the bequest; to one of them it evidently belongs. They are:

1. The Missionary Society of the East Maine Conference.

2. The Maine Conference Missionary Society.

3. Trustees of the Maine Annual Conference of the Methodist Episcopal Church.

4. Trustees of the East Maine Conference of the Methodist Episcopal Church.

The state of Maine is divided territorially by the Methodist denomination into two general conferences, the Kennebec river being mainly the dividing line; that west of the river including therewith a portion of New Hampshire. These conferences are neither of them legal corporations, but are merely assemblies composed of ministers and delegates from the churches, and presided over by the bishop.

Connected respectively with these conferences, are the two societies first and secondly named in the above list. Neither can be entitled to the bequest. They are not incorporated. They are merely associations, organized under the rules and discipline of the Methodist church, for the purpose of collecting and forwarding to the parent society in New York such funds as may be gathered for the use of foreign missions; such parent society disbursing its funds anywhere in or out of the United States and the territories. It is reasonably certain, we think, that the testatrix designed her contribution for a missionary society operating within the state of Maine.

The societies thirdly and fourthly named in the above list are both incorporated by the state of Maine ; and their purpose is, to receive and hold funds for the general conferences, to be disbursed for domestic missionary purposes within the territory of the conferences with which they are respectively attached. The thirdly named is the legal trustee of the western conference, and the fourthly named (or last named) bears the same relation to the eastern conference, so to call them. Of these two societies, we are of opinion that the last named is the one entitled to receive the bequest. It is a Methodist missionary society. It is situated, and its work is done, in Maine. The testatrix resided within its territorial limits. She was more likely to have this institution in mind than any other. It is more strictly a state of Maine missionary society than the other, because the other has a portion of New Hampshire annexed. There is no clash between any of the four societies in their claims upon this fund. They are represented in this litigation by single counsel. They do not object to, but rather seek, the result we arrive at. We think there should be a decree in favor of the "Trustees of the East Maine Conference of the Methodist Episcopal Church."

The costs of this suit, including counsel fees on both sides, are to be paid from the general assets of the estate ; as having been occasioned by the want of care and precaution on the part of the testatrix herself. The ambiguity in her will made the suit necessary. *Deane* v. *Home for Aged Colored Women*, 111 Mass. 132, 135. If not amicably adjusted, the counsel fees may be determined by a judge at *nisi prius* or by a master.

APPLETON, C. J., WALTON, DICKERSON, BARROWS and VIRGIN, JJ., concurred.