## IN RE EARL SIMONS'S WILL.

Hartford Dist., May T., 1887. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

A testator gave the income of all his property to his wife for life or widowhood, with power to dispose of the real estate if for her convenience or comfort; the property to be in her possession for the family and for the education and support of his daughter *C* and in trust for his son *A*, the wife to be trustee for *A* during her life or widowhood and the trust to be continued by appointment by the probate court, except that on request of *A* and the trustee and with approval of the court *A* was to receive his share in fee, the property to be finally divided equally between the son and daughter. The testator left a widow, one son about thirty years old, and a daughter about fourteen. His estate consisted of real and personal property inventoried at about $15,000. Held :—

1. That the circumstances and condition of the testator's family and estate might be considered in ascertaining his intention, which was not clearly expressed in the will.

2. That the widow took all the estate during her life or widowhood, to apply the income and so far as might be necessary a portion of the principal for the support of herself and daughter and for the education of the daughter.

3. That the son took no benefit of the property during the life or widowhood of the mother.

4. That as no direction was given as to the amount to be expended upon the education of the daughter, it was to be such as her circumstances and condition in life could reasonably afford.

5. That the power of the widow over the principal was not unrestricted, but that she was bound to render an annual account of the property to the court of probate and that her expenditures from it were subject to its supervision.

6. That the widow as trustee might be required to give bonds for a faithful discharge of her duties, and that any portion of the principal unexpended at her death or marriage should be forthcoming for distribution between the son and daughter.

And held that the reasonable expenses incurred in recovering a portion of the estate by a suit against the administrator, and in the prosecution of the present suit, which was for a construction of the will, might be allowed to be paid from the estate.

[Argued May 3d—decided July 2d, 1887.]

AMICABLE SUIT to obtain a construction of the will of

Earl Simons; brought to the Superior Court in Hartford County and reserved for the advice of this court. The case is sufficiently stated in the opinion.

*J. P. Andrews*, for Sophronia Simons, the widow.

*W. B. Stoddard*, for Clara H. Simons.

*L. Sperry* and *J. A. Stoughton*, for Albert D. Simons.

CARPENTER, J. This will is loosely drawn, and fails to express clearly the testator's intention. Nevertheless we can gather that intention, not alone from the language used, but partly from the circumstances and condition of his family and estate. He left a widow, one son about thirty years old, and a daughter about fourteen years old. His estate, consisting of real and personal property, inventoried at about $15,000 ; now, after the settlement of the estate, it is less than $12,000.

Counsel for the daughter states in his brief that the son, when the will was made, was away from home and in business for himself. The case itself does not show this, but we may assume that he was then capable of supporting and caring for himself, as the will evidently proceeds upon that assumption, there being no present provision for him.

The will, in substance, is as follows:—

1. The testator gives the use and income of all his property to his wife during life, " subject only to the following conditions, limitations and restrictions."

2. He directs that his wife during widowhood, or during life, " retain the direction and possession " of all his property.

3. " Said property is placed in her possession for the family and for the education and support of my daughter, Clara H. Simons, and in trust for my son, Albert D. Simons."

4. The wife has "power and authority to exchange or dispose of the real estate, if it is found for her comfort and

convenience; the court of probate will authorize any sale of the same and the investment in other security."

5. The widow is constituted a trustee for the son during life or widowhood, with a provision that after her death or marriage the trusteeship may be continued by the court of probate, " except that on written request of Albert and the trustee and if approved by the court, then and in that event Albert is to receive his share in fee."

6. After the death or marriage of his wife the property is given to his son Albert (or to his trustee) and to his daughter Clara in equal shares.

The property is left with Mrs. Simons for the family, for the education and support of Clara, and in trust for Albert. To what extent and for what purpose she is trustee for Albert is not very clear. He is excluded from any enjoyment of the property during the widowhood or life of the mother. The testator considered it necessary that Albert's interest should be held by a trustee for a time; and the draftsman seems to have thought that there should be a trustee before he came into the enjoyment of the property ; and so in stating the purposes for which the widow is to have the possession the trusteeship for Albert is mentioned. We are inclined to think that this is the meaning of this part of the will.

The daughter is expressly named as a beneficiary ; she is to receive her education and support. To what extent she was to be educated, and what would be the probable cost of her education, do not appear. She was therefore entitled to such an education as her circumstances and condition in life would reasonably afford.

The word " family " is a collective noun, necessarily including two or more persons. As used here we think the testator intended by it present beneficiaries. That includes the wife and daughter, but excludes the son. The provision for the daughter's support is express; that for the support of the wife is clearly implied. Of the three members of his family they are left dependent upon his provision for them ; the other is not.

We are satisfied therefore that the testator intended that his wife and daughter should be supported by his estate and that his daughter should be educated. How long the support of the daughter shall continue is an open question, which may depend upon circumstances. After she becomes of age, having received her education, it may be reasonable to require her to support herself.

A more difficult question remains to be considered. Is the widow bound to support herself and support and educate her daughter from the income of the estate, or may she, if necessary, use some part of the principal for that purpose?

In behalf of the son it is contended that the widow simply takes a life estate, and that her possession is only such as is incidental to any life estate, and, consequently that she can expend only the income in discharging the duties imposed upon her by the will. If that had been the intention it would have been an easy matter to say so in plain terms. If with so small means she was expected to accomplish so much, the will should have been explicit and not have left so important a matter to be inferred. Besides, that construction gives no force to the provision that she should retain the direction and possession of the property. An ordinary gift of a life estate would have carried with it the possession. In addition to a gift of the income without the intervention of a trustee, the possession is expressly given, and reiterated in connection with a statement of the purpose for which it was given; and we can see that the purpose specified will in all probability require more than the income. The testator must have been aware of this, and consequently must have intended that more might be used, and have given her the possession that she might have the means of using more. Said "property," not the income merely, "is placed in her possession for the family and for the education and support" of the daughter. From this it may be fairly inferred that he expected and intended that some portion of the principal might be used, if need be, for that purpose. Putting the property in her hands for a given

purpose carries with it an implication that all may be used which is necessary to accomplish that purpose.

Nor can we agree with the counsel for the daughter that the widow is entitled to all the income for herself, and may support the family and educate the daughter from the principal. The income is given to her "subject only to the following conditions, limitations and restrictions;" and these are found in the obligations subsequently imposed. We think the testator intended no such division of rights and obligations, but that the mother and daughter would be supported as one family, and that the income would be used for that purpose.

But her power over the principal is not unrestricted. She is a trustee, not only for the son, but for herself and daughter. As such she must render an annual account to the court of probate, and is subject to its supervision. That court will restrain any extravagance or unnecessary expense, and see that the annual expenditures are reasonable and proper.

From this view of the case it follows that the widow, as trustee, may be required to give bonds for a faithful discharge of her duties, and that any portion of the principal of the estate unexpended at her marriage or decease, shall be forthcoming for distribution between the son and daughter.

The case shows that the administrator neglected to render a satisfactory account to the court of probate; that he had in his hands money belonging to Mrs. Simons, and also to Clara, which he failed to account for; that legal proceedings were instituted for the purpose of compelling a proper accounting in respect to all these matters; that in those proceedings all of the parties to this suit employed counsel; and that the proceedings resulted in the payment of the money due to Mrs. Simons and Clara, and also of some $2,000 due to the estate. It is now claimed that the fees of counsel so employed should be allowed as a proper charge against the estate.

Whatever expense was reasonably incurred in recovering a portion of the estate should be allowed; expense incurred

in respect to the personal demands of Mrs. Simons and Clara should not be allowed. A reasonable sum may also be allowed for the expenses of this suit.

The Superior Court is advised that the widow takes all the estate during life, or so long as she remains a widow, in trust, to apply the income, and, so far as may be necessary, a portion of the principal, to the support of the family, including herself, and to the education of the daughter; and that as such trustee she may be required to give bonds; also that the reasonable expenses incurred in recovering a portion of the estate, and in the prosecution of this suit, be allowed to be paid from the estate.

In this opinion the other judges concurred, except BEARDS-LEY, J., who, while concurring in the other views expressed, was of opinion that the widow had no right under the provisions of the will to expend any part of the principal of the estate.