EDWIN ELMER KENDALL et al. Appellants, vs. OLIVE LIL-
LIAN TAYLOR et al. Appellees.

*Opinion filed June 29, 1910—Rehearing denied October 6, 1910.*

1. WILLS—*courts favor construction giving fee to first taker.*
In construing wills courts are disposed to favor such a construc-
tion as will give the fee to the first taker, so as not to tie up the
property and prevent its alienation, and a construction is uniformly
adopted which favors the heir.

2. SAME—*meaning of words "die without issue" depends upon
intention of the testator.* Whether the words "die without issue"
shall be held to mean without having had issue or without leaving
issue surviving does not depend upon whether the first taker has
a life estate or a greater or less estate, but rests rather upon the
connection in which such words are used and the intention of the
testator as shown by the entire will.

3. SAME—*courts are inclined to construe words "die without
issue" as meaning without having had issue.* Courts are inclined
to construe the words "die without issue" as meaning "die without
having had issue," unless there are expressions or circumstances
from which it can be collected that these words are used in a more
restricted sense.

4. SAME—*when cost of litigation should be borne by the fund.*
If the testator has expressed his intention in his will so ambigu-
ously as to make it necessary to go into a court of chancery to get
a construction of the will in order to determine which of two or
more adverse claims to the same fund or property is valid, the costs
of the litigation should be borne by the fund or property.

5. PARTITION—*when defendants are not entitled to solicitor's
fees.* Defendants in a partition proceeding are not entitled to
have their solicitor's fees paid out of the estate, even though the
case involves the construction of a will, where no trust was cre-
ated by the will and no grounds alleged which would give a court
of equity jurisdiction of the case other than the partitioning of
the lands.

APPEAL from the Circuit Court of Menard county; the
Hon. GUY R. WILLIAMS, Judge, presiding.

L. A. WHIPP, (JOHN M. SMOOT, of counsel,) for ap-
pellants.

MILTON McCLURE, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a bill filed in the circuit court of Menard county by the appellants, Edwin Elmer Kendall and Albert Leslie Kendall, for a partition of about 238 acres of land in that county. After issues were joined and a hearing had the court ordered that the partition be made but determined the interests of appellants in the land to be different from that prayed for by them. From this decree they have appealed to this court.

The decision in this case hinges upon the construction to be given to the will of Francis M. Kendall, which, so far as it bears on the issues here, reads as follows:

"I give, bequeath and devise all of my estate, both real and personal, wherever situate, to my two sons, Edwin Elmer Kendall and Albert Leslie Kendall, share and share alike, and in case of the death of either of my said sons without issue, then the estate hereinbefore devised to him shall go to the survivor of them, and in case of the death of both of my said sons without issue, or in case of the death of both of said sons prior to my decease, then in such case, or either of them, I devise all of my estate, of every kind and character, to my sister, Olive Lillian Taylor, and my half-brothers, Orren Kendall and David Miles Kendall, share and share alike, to have and to hold the same forever."

At the time the will was executed, December 15, 1896, the testator was forty-two years old. Edwin Elmer Kendall was then fourteen years old and Albert Leslie Kendall seven years of age. The testator died May 22, 1909, and the will was duly admitted to probate. He left no widow and appellants herein were his only children and heirs-at-law. Both sons are still living, Edwin having a daughter five years of age and Albert a son about one year of age. These two infant grandchildren of the testator, his sister,

Olive Lillian Kendall, and his two half-brothers, Orren Kendall and David Miles Kendall, (the last named being also executor,) were made parties defendant to the bill and are appellees here. The decree found that the will should be so construed that appellants each take a base or determinable fee in the real estate as tenants in common; that the phrase "without issue," as used in the will, means "without leaving issue living at the time of said complainants' decease," and that in case of the death of either of said appellants without leaving issue living at the time of his decease, the title to the real estate would vest as a base or determinable fee in the survivor of said two sons; that in case of the death of both of said sons without either of them leaving issue living at the time of the decease of such sons, then the title to such real estate should vest in the sister and two half-brothers, share and share alike, in fee simple absolute. The decree also provided that "since the principal relief sought in this proceeding is the construction of the will involved herein, and since such construction and determination of the legal effect of said will was necessary to determine the character of partition to be allowed," $250 be fixed as the fee for the solicitor for the defendants and taxed as costs.

The principal contention in this case is as to whether the trial court properly construed by its decree the will in question. The decision rests upon whether the words of the will "death without issue" shall be construed to mean "death without having had issue" or "death without issue surviving." The courts are disposed to favor such a construction of the will as to give the absolute fee to the first taker, so as not to tie up the property and prevent its alienation, (*Bradsby* v. *Wallace,* 202 Ill. 239,) and a construction is uniformly adopted which favors the heir. (*Kohtz* v. *Eldred,* 208 Ill. 60.) In *Voris* v. *Sloan,* 68 Ill. 588, the words "should die without issue" occurred in a deed of trust, and were construed to mean without having had is-

sue,—not without surviving issue. To the same effect are *Smith* v. *Kimbell,* 153 Ill. 368, *Field* v. *Peeples,* 180 id. 376, and *King* v. *King,* 215 id. 100. In *Stafford* v. *Read,* 244 Ill. 138, this court, after discussing the authorities just referred to and several others that are cited and relied on by counsel for appellees in this case, construed the words "shall die without issue" as meaning "if they should die without having had issue or children born to them."

Counsel for appellees argue that the words "die without issue" are construed by the courts to mean "die without having had issue" only when the first taker is vested with a life estate, but that where the first taker receives the fee and the language of the will makes the title return upon his dying "without issue," then such first taker only takes a base or qualified fee. No such distinction is made by the authorities in construing the words "die without issue." Their meaning is not controlled by the question whether the first taker has a life estate or a greater or less estate, but rests rather upon the connection in which such words are used and the intention of the testator, as shown by the entire will. It is the settled rule of law that the courts are inclined to construe the words "die without issue," or words of similar import, to mean "die without having had issue," unless there are "expressions or circumstances from which it can be collected that these words are used in a more restricted sense." *Voris* v. *Sloan, supra;* and see, also, Kales on Future Interests. sec. 199; *Fifer* v. *Allen.* 228 Ill. 507.

Counsel for the appellees earnestly insists that there are such expressions or circumstances as would lead to the conclusion that these words were not here used with their primary meaning. We cannot assent to this view. The intention of the testator as expressed in the will must be ascertained and given effect if not prohibited by law. (*Armstrong* v. *Barber,* 239 Ill. 389, and cases cited.) The intention of the testator, gathered from the entire will, .

manifestly was that if both of appellants had issue born to them, then the entire estate should vest in said appellants, share and share alike. This conclusion, in our judgment, must necessarily follow under the general rules of law laid down in this and other jurisdictions as to the construction of wills, as well as from the decisions of this court in applying those rules to particular cases. The birth of a child to each of appellants settled any controversy that might arise in regard to the land ever passing to appellees. The chancellor should have entered a decree partitioning the lands in accordance with the prayer of the bill.

Counsel for appellants further insist that the trial court erred in taxing the solicitor's fees of appellees' counsel as costs. It is admitted that the fees are reasonable for the work performed, but it is argued that appellees should personally pay these fees. The general rule is, that when the testator has expressed his intention in his will so ambiguously as to make it necessary to go into a court of chancery to get a construction of the will in order to determine which of two or more adverse claims to the same fund or property is valid, the costs of the litigation should be borne by the fund or property in question. (*Arnold* v. *Alden,* 173 Ill. 229; *Lombard* v. *Witbeck,* 173 id. 396; *Woman's Union Missionary Society* v. *Mead,* 131 id. 338; *Straw* v. *Societies,* 67 Me. 493; *Deane* v. *Home,* 111 Mass. 132; *Noe's Admr.* v. *Miller's Exrs.* 31 N. J. Eq. 234; *Ingraham* v. *Ingraham,* 169 Ill. 432.) This is not a bill for the construction of a will but for the partitioning of real estate. No trust was created by the will and no grounds are alleged in the bill that would give a court of equity jurisdiction in the case except that partition is sought of the lands of testator. Under the rules governing the allowance of solicitor's fees in partition proceedings, appellees are not entitled to the payment of such fees out of the funds of the estate. (*Bliss* v. *Seeley,* 191 Ill. 461; *McMullen* v. *Reynolds,* 209 id. 504; *Jones* v. *Young,* 228 id. 374; *Mul-*

*loy* v. *Mulloy*, 231 id. 285.)   On the facts shown on this record the circuit court erred in allowing solicitor's fees to appellees.

The decree of the circuit court is reversed and the cause remanded for further proceedings in conformity with this opinion.

*Reversed and remanded.*