# HERRELL *v.* HERRELL.

---

## WILLS; DEFEASIBLE ESTATES.

Under a devise to a grandson in fee, but in case he "should die without issue," then to a son and daughter of the testator, the grandson takes a fee-simple estate defeasible only in event of his death without having had issue; and a codicil providing that in event the grandson should die before the testator, or before the estate is settled, the devise should become void, is not inconsistent with such construction of the words, "die without issue." (Mentioning sec. 504, D. C. Code, [31 Stat. at L. 1268, chap. 854], without determining its applicability.)

No. 3108. Submitted October 3, 1917. Decided November 8, 1917.

---

NOTE.—As to what time is the contingency of death of legatee or devisee without child or issue, upon which a gift is conditioned, referable, see note in 25 L.R.A.(N.S.) 1045.

Does contingency of death without issue, children, etc., import their survival of first taker, see note in 37 L.R.A.(N.S.) 164.

HEARING on an appeal from a decree of the Supreme Court of the District of Columbia construing a will. *Reversed.*

The COURT in the opinion stated the facts as follows:

This is a special appeal from a ruling in the supreme court of the District that, under the will and codicil of Eliza D. Herrell, late of the District of Columbia, appellant, George N. Herrell, is entitled to the income of a one-sixth part of the real estate for life, the remainder to vest in his issue in the event that he shall die leaving issue, otherwise the remainder to pass to the appellees, Henry W. Herrell and Annie E. Ward.

So far as applicable, the will and codicil, dated November 29, 1901, and February 21, 1908, respectively read as follows:

"I give, devise, and bequeath all the real estate of which I may die seised and possessed to my daughter, Annie E. Ward; my son, Henry W. Herrell, and my grandson, George N. Herrell, in fee simple, in the proportion of three sixths to my daughter, Annie E. Ward; two sixths to my son, Henry W. Herrell; and one sixth to my grandson, George N. Herrell; provided that if my grandson should die without issue, then I devise and bequeath the share of my estate which would otherwise go to him to my daughter, Annie E. Ward, and my son, Henry W. Herrell, their and each of their heirs and assigns: * * * "

"Whereas, by my said last will and testament, I devised all my real estate to my daughter, Annie E. Ward; my son, Henry W. Herrell; and my grandson, George N. Herrell,—in fee simple, in the proportions of three sixths to my daughter, two sixths to my son, and one sixth to my grandson. My grandson, having left the District of Columbia, and his whereabouts being unknown to me, it is my will that the aforesaid devise to him lapse and become null and void, in the event of his death before me; or in case he should die before my estate is settled. In all other respects, I confirm my said last will."

*Mr. Francis L. Neubeck* for appellant.

*Mr. George H. Lamar* for appellee.

Mr. Justice ROBB delivered the opinion of the Court:

The first question presented is whether the words, "die without issue," refer to death in the lifetime of the testatrix or at any time. While it is true that similar words have been held to refer to death in the lifetime of the testator, where no contrary intention was manifest (*Stokes* v. *Weston,* 142 N. Y. 433, 37 N. E. 515; *King* v. *Frick,* 135 Pa. 575, 20 Am. St. Rep. 889, 19 Atl. 951; *Lawlor* v. *Holohan,* 70 Conn. 87, 38 Atl. 903; *Lumpkin* v. *Lumpkin,* 108 Md. 470, 25 L.R.A.(N.S.) 1063, 70 Atl. 238), we deem it unnecessary to consider those decisions, because the Supreme Court of the United States in *Britton* v. *Thornton,* 112 U. S. 527, 28 L. ed. 817, 5 Sup. Ct. Rep. 291, laid down the rule that, under a devise to one person in fee and in case he should die under age and without issue to another in fee, the devise over takes effect upon the death at any time of the first devisee under age and without children. The court said: "When, indeed, a devise is made to one person in fee, and 'in case of his death' to another in fee, the absurdity of speaking of the one event which is sure to occur to all living, as uncertain and contingent, has led the courts to interpret the devise over as referring only to death in the testator's lifetime. 2 Jarman, Wills, chap. 48; *Briggs* v. *Shaw,* 9 Allen, 516; Lord Cairns in *O'Mahoney* v. *Burdett,* L. R. 7 H. L. 388, 395, 31 L. T. N. S. 705, 23 Week. Rep. 361. But when the death of the first taker is coupled with other circumstances which may or may not ever take place, as, for instance, death under age or without children, the devise over, unless controlled by other provisions of the will, takes effect, according to the ordinary and literal meaning of the words, upon death, under the circumstances indicated, at any time, whether before or after the death of the testator."

Unless, therefore, there may be found in the instrument under consideration other controlling provisions, we must accord the words under analysis their ordinary meaning. It is not questioned that the devisee took under the will a defeasible fee-simple estate. Under the will that estate was subject to be devested by his death "without issue," while under the codicil the estate was further subject to be devested by his death, with

or without issue, either before the death of the testatrix or before the settlement of her estate. The provisions of the codicil not being inconsistent with that of the original will, and there being no other controlling words, it necessarily follows that the words under analysis must be held to mean death at any time "without issue."

In view of the construction we have placed upon the words "die without issue," it becomes unnecessary to determine the applicability of sec. 504 of the Code [31 Stat. at L. 1268, chap. 854], to the effect that such expressions "shall be construed to mean a want or failure of issue in the lifetime or at the time of the death" of the first taker, and not an indefinite failure of his issue, "unless a contrary intention shall appear in the instrument," because, assuming its applicability, the result is not changed.

But the effect of the order appealed from is to cut down the defeasible fee-simple estate of this appellant to a mere life interest. That is to say, the words, "die without issue," have been construed to mean "die without *leaving* issue." We think this was error. The law favors the vesting of estates at the earliest possible moment, and will not defer such vesting longer than the language of the testator plainly requires. Moreover, to effectuate this rule of construction, courts are inclined to interpret the words, "die without issue," to mean "die without having had issue," unless it is plain from a reading of the entire will that the words were used in a more restricted sense. *Voris* v. *Sloan,* 68 Ill. 588; Kales, Future Interests, sec. 199. In *Kendall* v. *Taylor,* 245 Ill. 617, 37 L.R.A.(N.S.) 164, 92 N. E. 562, the testator devised all his estate to his two sons, and, in the event of the death of either "without issue, then the estate" to go to the survivor of them, and in the event of the death of both prior to the decease of the testator to his collateral heirs. The court said: "The intention of the testator, gathered from the entire will, manifestly was that if both of appellants [the sons] had issue born to them, then the entire estate should vest in said appellants, share and share alike. This conclusion, in our judgment, must necessarily follow under the general rules of law laid down in this and other jurisdictions as to the con-

struction of wills, as well as from the decisions of this court in applying those rules to particular cases. The birth of a child to each of appellants settled any controversy that might arise in regard to the land ever passing to appellees."

Reading the entire will in the present case, the intention of the testatrix is quite as clear as was that of the testator in *Kendall* v. *Taylor*. It was the failure of appellant to have issue, and not his death without leaving issue, that concerned the testatrix. She first vested in him a fee-simple estate. At the time of the execution of the original will it is apparent that, in the judgment of the testatrix, he had not reached years of discretion, and she therefore provided that his estate should not become indefeasible until the happening of a certain event. This was merely placing a milestone which he was to pass to demonstrate that he had reached years of discretion. And it was a natural provision; for it is the general opinion that when a man becomes a husband and father he will, if ever, realize to the fullest extent his responsibilities. The language of the codicil, executed more than six years later, is in harmony with this view, for the solicitude of the testatrix concerning her grandson is there clearly revealed.

It follows, therefore, that the decree must be reversed, with costs, and the cause remanded, with directions to enter a decree in conformity with this opinion.    *Reversed and remanded.*