## IN THE MATTER OF THE ESTATE OF CECIL BROWN, DECEASED.

## No. 1137.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT. HON. C. W. ASHFORD, JUGDE.

ARGUED DECEMBER 4, 1918.                    DECIDED DECEMBER 24, 1918.

### COKE, C. J., KEMP AND EDINGS, JJ.

WILLS—*construction—attorney's fees.*

> In cases involving the construction of a will the general rule is that where the testator has expressed his intention so ambiguously as to create a difficulty which makes it necessary to go into a court of chancery to get a construction of the will and to remove the difficulty, the costs of litigation, including reasonable attorneys' fees to all necessary parties, must be borne by the estate and the general residue is the primary fund for the payment of such costs.

SAME—*same—same.*

> A contest between an annuitant and a residuary legatee as to which one is liable for the payment of an inheritance tax, to which a construction of the will is incidental, is not such a case as warrants the allowance of attorney's fees out of the estate.

### OPINION OF THE COURT BY KEMP, J.

This is an appeal from an order entered in the above entitled cause by the circuit judge of the first judicial circuit sitting at chambers in probate, denying the motion of Mary Kaniu Jarrett for the allowance of certain attorney's fees.

The litigation for which Mrs. Jarrett sought to have her reasonable attorney's fees allowed was a proceeding which originated in the probate division of said court and was finally disposed of in this court by an opinion reported in 24 Haw. 443.

Prior to the commencement of that proceeding H. M. von Holt, who is the executor and residuary legatee under the will of Cecil Brown, deceased, obtained from the registrar of public accounts a present valuation of the annuity which the will required to be paid to Mrs. Jarrett during the term of her natural life. The value having been thus ascertained he deposited with the clerk of the court a sum sufficient to pay the portion of the annuity then due less the amount of inheritance tax which he claimed was chargeable to Mrs. Jarrett and gave notice to her of said deposit. Thereafter Mrs. Jarrett filed her petition in the probate court asking that the said executor be required to pay her the full amount of the annuity given her by said will, alleging that by reason of the terms of said will $100 per month was to be paid to her out of the corpus of the estate, free from all taxes, offsets, incumbrances or liens of any nature whatsoever, and was not subject to the inheritance tax as claimed by said executor, and attached to her petition as exhibits a copy of the will and a copy of the notice of deposit.

This litigation was finally disposed of as shown by the opinion above referred to in accordance with the contention of the petitioner. This court, in disposing of the question there presented, after reciting the fact that certain small bequests of specific pieces of property were made by the will, set out in full the residuary clause of the will and recited the facts as to how the litigation originated substantially as we have recited them herein. In the course of the opinion in that case this court stated the question before it in the following language: "The question before us is as to the correctness of the order appealed from, which raises the question as to whether the inheritance tax is payable by the executor or residuary legatee upon the whole estate devised him, or whether the valuation of the annuity as made should be deducted from

the corpus of the estate and the inheritance tax thereon charged to the petitioner." And in disposing of the question the court further said: "It should be borne in mind that the residuary clause transferred the estate, with the exception of the two small legacies mentioned, to the respondent, and by express provision makes the payment to the petitioner of the sum of one hundred dollars monthly a charge upon the estate so transferred to the respondent. Under our tax statutes inheritance taxes are upon transfers in contemplation of death, and not upon the property transferred (*Brown* v. *Treasurer*, 20 Haw. 41; *Robinson* v. *Treasurer*, 22 Haw. 742, 748). The transfer of the property out of which the monthly payments to the petitioner are to be made is to the respondent, and not to the petitioner. A charge of this kind only creates a lien and does not transfer the estate or create an interest therein, the title to which passes to the devisee, and not to the party to whom the charge is payable. The will devolves upon respondent the duty of paying to petitioner the monthly payment of one hundred dollars, and it is apparent from the language used by the testator that he intended that such payments should be made without deduction for any cause whatever" (pp. 444, 445).

It is one of the petitioner's contentions, in fact her principal contention, that it was the duty of the executor to procure from the court instructions as to his duties in respect to the payment of her annuity instead of arbitrarily placing his own construction upon the will which constituted his guide as to such payments and that his refusal to apply to the court for such instructions made it necessary for her to apply to the court for such instructions to him and that she should therefore be allowed her expenses necessarily expended in that behalf.

It is unquestionable that in the absence of a statute enacting a different rule an executor may always in a

proper case take the opinion of the court upon the will at the expense of the estate. The reason is that it may be as essential to find out what the will means, in order to carry it out, as to take any other step or to do any other act involving expense, and the expense of so doing is just as properly incurred in the performance of the executor's official duty in the one case as in the other. *In re Donges' Estate,* 103 Wis. 497, 79 N. W. 786.

We find no decisions holding that in a proper case involving the construction of the will, the executor is not entitled to have his attorney's fees paid out of the estate. There are a number of cases from Wisconsin involving the construction of wills and instructions to executors where without discussion the court has ordered the county court to make such allowance to the respective parties out of the estate for counsel fees as in the exercise of sound discretion may be just. See *Ford* v. *Ford,* 33 N. W. 188; *Webster* v. *Morris,* 28 N. W. 353; *Scott* v. *West,* 24 N. W. 161. But when the matter was first called to the attention of the court the practice was condemned, and the later decisions from that State all hold that in such cases only the executor is entitled to have his attorney's fees paid out of the estate. *Patton* v. *Ludington,* 79 N. W. 1073; *In re Donges' Estate,* 79 N. W. 786, 792, 793; *Stephenson* v. *Norris,* 107 N. W. 343, 350. Wisconsin seems to be practically alone in holding that under no circumstances will the fees expended by others than the executor in an action to procure a construction of a will be paid out of the estate.

In Iowa it is the general rule that only the executor is entitled to an allowance out of the estate for counsel fees in such cases, but in that State an exception to this rule is made by holding that one who prosecutes in lieu of an interested or contumacious executor, and the sole purpose of the litigation is to procure a construction of an in-

volved or ambiguous will, may have an allowance out of the estate for his costs and expenses, including a reasonable attorney's fee, in such behalf expended. *Downing* v. *Nicholson,* 99 N. W. (Iowa) 300.

The general rule as to the allowance of attorney's fees in such cases is much broader than the rule adhered to in the two States to which we have referred, their holding being possibly influenced by local statutes. The general rule is that where the testator has expressed his intention so ambiguously as to create a difficulty which makes it necessary to go into a court of chancery to get a construction of the will, and to remove the difficulty, the costs of litigation, including reasonable attorney's fees to all necessary parties, must be borne by the estate and the general residue is the primary fund for the payment of such costs. *Ingraham* v. *Ingraham,* 48 N. E. (Ill.) 561, 573; *Johnson* v. *Askey,* 60 N. E. (Ill.) 76; *Lombard* v. *Witbeck,* 51 N. E. (Ill.) 61; *In re Simons' Will,* 55 Conn. 239, 11 Atl. 36; *Security Co.* v. *Pratt,* 65 Conn. 161, 32 Atl. 396; *Moore* v. *Alden,* 80 Me. 301, 14 Atl. 199; *Howland* v. *Green,* 108 Mass. 283; *Straw* v. *Societies,* 67 Me. 493; *Deane* v. *Home for Aged Colored Women,* 111 Mass. 132; *Morse* v. *Stearnes,* 131 Mass. 389; *Jacobus' Executor* v. *Jacobus,* 20 N. J. E. 49.

But the case at bar does not, we think, fall within the class of cases brought for the purpose of procuring a construction of a will. There was no ambiguity in the will in question and the difficulty therefore was not caused by the fault of the testator in not clearly expressing his intention so as to make the general residue of his estate liable for the expense of ascertaining his meaning. The petition in the case did not ask for a construction of the will but prayed that the executor be ordered to do what was his obvious duty, to pay to the petitioner the annuity provided for in said will. It is true that the

court in deciding the question presented had to look to the will and declare from a reading of its provisions whether the inheritance tax should be paid out of the general residue of the estate or out of the annuity, but that was only incidental to the issue between the parties. We conclude that the proceeding was not brought for the purpose of procuring a construction of the will but was a controversy between the residuary legatee and the annuitant as to which should pay the tax and the fact that the residuary legatee and the executor in this case happen to be the same person does not alter the situation.

Petitioner has cited and relies upon *Fitchie* v. *Brown,* 19 Haw. 415. The fee there involved was incurred in a case submitted to this court originally upon agreed facts by the executors and the trustee named in the will and the heirs at law of the deceased to procure a construction of the will and instructions to the trustee, a corporation, for its guidance in distributing portions of the estate in its hands, and also to ascertain whether a corporation is authorized to act as trustee in this jurisdiction. The executor was impartial in the matter, the controversy being between the trustee under the will and the heirs at law of the deceased (see *Fitchie* v. *Brown,* 18 Haw. 52). From the decision of this court an appeal was taken by the heirs at law to the Supreme Court of the United States and after a decision in that court adverse to the contention of the heirs a motion was made by them in this court to have the expense of that appeal, including their attorneys' fees, paid out of the estate. In an opinion disposing of this motion this court held that in a contest concerning the construction of a will it is only under very exceptional circumstances that the estate of a decedent should bear the expense of an unsuccessful appeal from a decree of this court, but on the grounds that the question there involved was novel and important and the amount involved large the

attorneys' fees incurred in the unsuccessful appeal of the contestants were ordered paid out of the estate.

The decision in that case can have no application to the case at bar for the reason, as we have already stated, this is not a case involving the construction of a will but is rather a controversy between the annuitant and the residuary legatee as to which one should pay the inheritance tax in question and does not come within the general rule which we have announced.

We find no error in the refusal of the circuit judge to tax the estate with the petitioner's attorneys' fee.

The order appealed from is affirmed.

*W. B. Pittman* (*Andrews & Pittman* on the brief) for petitioner.

*B. L. Marx* (*Frear, Prosser, Anderson & Marx* on the brief) for the executor.