RICHARD D. WELSH *v.* ALICE KAMOKILA CAMP-
BELL AND JAMES L. COKE, ALAN S. DAVIS AND
FREDERICK OHRT, TRUSTEES UNDER THE
WILL AND OF THE ESTATE OF JAMES CAMP-
BELL, DECEASED.

Nos. 4000 and 4001.

ARGUED APRIL 11, 1958.                    DECIDED APRIL 22, 1958.

RICE, C. J., MARUMOTO, J., AND CIRCUIT JUDGE
CORBETT IN PLACE OF STAINBACK, J., DISQUALIFIED.

OPINION OF THE COURT BY RICE, C. J.

On January 22, 1954, Richard D. Welsh, hereinafter
referred to as plaintiff, filed a complaint and thereby in-

stituted an action in assumpsit in the circuit court, first circuit, Territory of Hawaii, against Alice Kamokila Campbell, as and hereinafter called defendant, and the trustees under the will and of the estate of James Campbell, deceased, as and hereinafter called garnishees.

The garnishees filed, on February 1, 1954, their disclosure, and a motion for the entry of an order discharging them, upon the ground that the will of James Campbell created a spendthrift trust and that income was not subject to garnishment.

The defendant failed to file an answer and an order of default was entered against her and filed on February 26, 1954.

The circuit court, on plaintiff's motion, reserved to this court for determination the question raised by the motion of the garnishees to discharge them because of the spendthrift trust provisions of the will of James Campbell. The question thus reserved was argued on March 30, 1955, and decided by this court on June 23, 1955. This court held:

"The intent of the testator [James Campbell] being clear to create a spendthrift trust, we hold that the spendthrift provision is not contrary to law or public policy in Hawaii and the garnishees should be discharged." 41 Haw. 106, 124.

Notice of the decision of this court on the reserved question was transmitted by the clerk of this court to the said circuit court, received and filed therein on June 30, 1955.

However, the plaintiff had on June 28, 1955, filed a motion "* * * for a reasonable attorney's fee to be assessed against the Trust created under the Will of James Campbell, Deceased." Such motion was contested by the garnishees.

Pursuant to the decision of this court on the reserved question, as *supra,* on September 20, 1955, an order dis-

charging the garnishees was entered and filed in the instant case pending in the circuit court, first circuit, as that court's Law number 23357.

Subsequently and notwithstanding the discharge of the garnishees, proceedings were had in the trial court on the plaintiff's motion for attorney's fee which had been filed on June 28, 1955. Such proceedings culminated in an order dated and filed on July 30, 1956, whereby the trial judge ordered, adjudged and decreed that the "Trustees under the Will and of the Estate of James Campbell, deceased, be and they are hereby ordered to pay RICHARD D. WELSH from the income of said Estate the sum of $2500.00 as and for attorney's fee."

On August 3, 1956, an order was signed and filed by the said circuit judge allowing an interlocutory appeal by any of the parties, including the garnishees, who deemed themselves aggrieved by the order of July 30, 1956, allowing attorney's fee. Pursuant to such last order, the garnishees have, as provided by rule 73(b), H. R. C. P., appealed to this supreme court from the order allowing attorney's fee filed and entered in the circuit court on July 30, 1956. Such appeal is number 4000 in this supreme court and alleges that the trial court erred: (1) in ordering the garnishees to pay any attorney's fee; (2) in not limiting the attorney's fee to the fund in controversy; and (3) in ordering payment of an excessive attorney's fee.

The plaintiff has appealed from the same order of July 30, 1956, and his cross-appeal is before this supreme court as number 4001. It alleges that the trial court erred in several respects in matters pertinent to the allowance of an attorney's fee to plaintiff and affecting the court's decision as to the amount thereof.

The respective appeals of the garnishees and of the plaintiff have been consolidated for argument, and argu-

ment thereon was heard in this supreme court on April 11, 1958.

Considered together, the appeal of the garnishees and the cross-appeal of the plaintiff present two principal questions.

(1) Where garnishees have moved to be, and have been, discharged, can the plaintiff recover an attorney's fee from them?

(2) If an attorney's fee was allowable to plaintiff against garnishees, did the trial court err in the matters considered in fixing the amount of the fee and was the fee allowed inadequate, adequate, or excessive?

However, a negative answer to the first question will *ipso facto* dispose of the second.

Statutory provisions pertinent to garnishment which were in effect at the institution and during the trial of the case were contained in chapter 212, R. L. H. 1945, and section 10313 thereof (now section 237-13, R. L. H. 1955) was and is as follows:

"Fees and costs. Every such garnishee shall be allowed $3 in cases in the circuit courts and $1 in cases in the district courts for filing a return on or before the return day or for appearance on the return day, as the case may be, and, in special or exceptional cases in which the court may deem it proper, such further sums as the court may deem reasonable for counsel fees and other necessary expenses. The allowance for return or appearance of the garnishee shall be deposited with the clerk of the court in order to hold the garnishee and shall be paid to the garnishee when he makes his return and files the same in court or when he makes his appearance in court. If the garnishee fails to make and file a return or to make his appearance in court he shall thereby forfeit the garnishee fees herein provided for. The garnishee, if discharged, may collect

from the plaintiff on execution any unpaid allowances or, if held, may retain the same out of the goods, effects or credits of the defendant in his hands.

"As between the plaintiff and defendant, if the garnishee is discharged, the costs of the garnishment proceeding, including $1 for each copy of summons and $1 for each service of summons, shall be taxed against the plaintiff; but, if the garnishee is held, such costs and all such allowances as have been paid by the plaintiff to the garnishee shall be taxed against the defendant."

The section of the statutes above quoted expressly provides for fees and costs *payable to the garnishee(s)* and "* * * in special or exceptional cases in which the court may deem it proper, such further sums as the court may deem reasonable for counsel fees and other necessary expenses."

It will also be noted that the garnishees, "if discharged" (as in the instant case) "may collect from the plaintiff on execution any unpaid allowances * * *."

Garnishment proceedings are wholly statutory and nowhere in chapter 212, R. L. H. 1945 was — nor in chapter 237, R. L. H. 1955 is — there any provision or authorization for an allowance of attorney's fees to be paid to a plaintiff and charged to a garnishee, or garnishees, discharged as such.

In view of such express provisions for the garnishee, it seems obvious — as the garnishees herein have argued — that had the legislature intended that a plaintiff recover his attorney's fees against a garnishee, it would have expressly so provided. Therefore, the principle of *inclusio unius est exclusio alterius* applies and recovery of an attorney's fee from the garnishee(s) is impliedly denied by the statute.

It is apparent from the record of proceedings in the trial court, that the plaintiff therein sought and was al-

lowed to charge an attorney's fee against the garnishees upon the ground that the garnishees' motion for discharge was in effect or could be equated to a trustee's bill for instructions.

Allowance of a fee to plaintiff against the garnishees cannot be sustained on that ground, for the case does not fall within the class of cases brought for the purpose of procuring a construction of a will. There is no ambiguity in the will insofar as it created the spendthrift trust on which the garnishees relied on their motion for discharge. There was no fault caused by testator (James Campbell) in not clearly expressing his intention in the "Eleventh" paragraph of his will in the language as follows:

"ELEVENTH: And it is further my will that no beneficiary, devisee or legatee under this Will shall have the power or authority to in any wise anticipate any of the rents, issues, profits, income, moneys or payments herein provided to be devoted or paid to him or her, or any part thereof; nor to alienate, convey, transfer or dispose of the same, or of any interest therein or part thereof, in advance of payment; nor shall the same be involuntarily alienated by him or her, or be subject to attachment or execution, or to be levied upon or taken upon any process for any debts which any such beneficiary, devisee or legatee shall have contracted or shall contract; or in satisfaction of any demands or obligations which he or she shall incur. And all payments in the last preceding paragraph authorized and provided for, shall be made, and shall be valid and effectual only when made to the beneficiary, devisee or legatee, in person, to whom the same shall appertain and belong, and upon his or her individual receipt; Provided that when and while the person so entitled to receive such payment shall be without the bounds of the Hawaiian Islands, such payment may be made to

any formally appointed agent of such absentee, but then only upon the personal receipt above provided for. And Further Provided that if, and while any such beneficiary, devisee or legatee shall be for any reason other than minority, subject to judicial guardianship, such payments shall be made to the guardian or guardians of the persons so subject."

The plaintiff's complaint did not ask for a construction of the will but joined the trustees under the will and of the estate of James Campbell, deceased, as garnishees and alleged them to be "* * * the attorneys, agents, factors, trustees, debtors or employers" of the defendant and sought by garnishee summons to have them disclose whether they had "* * * any of the goods or effects of the said Defendant in their hands and, if so, the nature, amount and value of the same, or whether * * * [they] were indebted to the Defendant, and, if so, the amount and nature of such debt, or whether the Defendant" was "* * * in receipt from said Garnishee[s] of any salary, stipend, wages, commissions, annuity or income or portion of net income under a trust and, if so, the amount or rate thereof."

It is true that the court, in deciding the question presented by the garnishees' disclosure and motion for discharge, had to look to the will and particularly paragraph "Eleventh" thereof and declare from a reading of its provisions whether the trustees under the will and of the estate thereby created could be held as garnishees, but that was only incidental to the issue between the plaintiff and the defendant. The proceeding was not brought for the purpose of procuring a construction of the will but was to collect what was payable to him by defendant on a promissory note given by the defendant to the plaintiff.

In the *Estate of Brown*, 24 Haw. 573, 577, this court, in disallowing an attorney's fee to a legatee of an annuity under a will, stated:

"The general rule is that where the testator has expressed his intention so ambiguously as to create a difficulty which makes it necessary to go into a court of chancery to get a construction of the will, and to remove the difficulty, the costs of litigation, including reasonable attorney's fees to all necessary parties, must be borne by the estate and the general residue is the primary fund for the payment of such costs."

\* \* \* \* \*

"But the case at bar does not, we think, fall within the class of cases brought for the purpose of procuring a construction of a will. There was no ambiguity in the will in question and the difficulty therefore was not caused by the fault of the testator in not clearly expressing his intention so as to make the general residue of his estate liable for the expense of ascertaining his meaning. The petition in the case did not ask for a construction of the will but prayed that the executor be ordered to do what was his obvious duty, to pay to the petitioner the annuity provided for in said will. It is true that the court in deciding the question presented had to look to the will and declare from a reading of its provisions whether the inheritance tax should be paid out of the general residue of the estate or out of the annuity, but that was only incidental to the issue between the parties. We conclude that the proceeding was not brought for the purpose of procuring a construction of the will but was a controversy between the residuary legatee and the annuitant as to which should pay the tax and the fact that the residuary legatee and the executor in this case happen to be the same person does not alter the situation."

Clearly the instant case comes within the holding in the *Brown* case.

It appears from the record that the motion to reserve

the question of law to this court which was decided by opinion in 41 Haw. 106 was made by the plaintiff and not by the garnishees. The latter, by their disclosure, disclosed, *inter alia,* that the Alice Kamokila Campbell, the defendant, is a beneficiary of the Estate of James Campbell, deceased, attached as exhibit "A" a copy of his will, quoted paragraph "Eleventh" thereof, containing the spendthrift provisions, and declared, unequivocally, "* * * therefore any moneys in the hands of said garnishees to which the said defendant is entitled as a beneficiary of said estate cannot be reached by garnishment and the garnishees above named should be discharged."

The question reserved to and which was decided by this court in 41 Haw. 106 was one of law which the plaintiff unsuccessfully attempted to have decided in his favor and contra to the motion of the garnishees for their discharge upon the disclosure made by them. The garnishees did not seek any instruction, they were satisfied that they were acting correctly.

No authority cited to this court by the plaintiff is to the effect that a plaintiff may be awarded attorney's fees against a garnishee who has successfully moved for discharge.

No case has come to our attention wherein a plaintiff has been allowed to recover his attorney's fees from garnishees who have successfully moved for discharge, or from garnishees under any circumstances.

The general rule is that each party to litigation must pay his own counsel fees and such fees are not allowable in the absence of a statute, agreement or stipulation authorizing the allowance thereof. (*Bishop Trust Co., Exec.* v. *Smart, et al.,* 39 Haw. 641, 651 [1953], citing *Dress Mfg. Co.* v. *Cadinha,* 33 Haw. 456 [1935].)

In the instant case the plaintiff sought his own benefit only by the garnishment. It was in opposition to and not

in advancement of the interests of the life beneficiaries under the Campbell Trust, so even if his appeal to this court to determine the question submitted and which was decided in 41 Haw. 106, *supra,* could be likened or equated to a proceeding in equity, no allowance of attorney's fees out of the trust fund of which the garnishees were trustees could properly be made. (*Hobbs* v. *McLean,* 117 U. S. 567; *Von Holt* v. *Williamson,* 23 Haw. 245 [1916].)

Thus the first question presented by the two appeals, respectively of the garnishees and of the plaintiff, is answered in the negative and the second question is also thereby disposed of.

The appeal of the garnishees is sustained and the cross-appeal of the plaintiff is dismissed.

The trial court's order of July 30, 1956, being that appealed from, is hereby vacated and the thereby allowance of attorney's fee to the plaintiff against the garnishees is declared null and void.

Remanded for such further proceedings as shall be consistent herewith.

*Frank D. Padgett* (*Robertson, Castle & Anthony* with him on the briefs) for appellants in case No. 4000, appellees in case No. 4001.

*Richard D. Welsh* (also on the briefs) for appellant in case No. 4001, appellee in case No. 4000.