

# Fourth Court of Appeals

### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00627-CV

Paula Lehne **NETHERTON**,
Appellant

v.

Jacintha **COWAN**, Individually and as the Independent Executor of the Estate of James Dennis
Lehne, Jr., Shannon Sucher, and James Dennis Lehne, III,
Appellees

From the 198th Judicial District Court, Menard County, Texas
Trial Court No. 2011-05270
Honorable M. Rex Emerson, Judge Presiding

Opinion by:  Karen Angelini, Justice

Sitting:  Karen Angelini, Justice
Sandee Bryan Marion, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  August 14, 2013

AFFIRMED

This appeal involves the construction of James Dennis Lehne, Sr.'s will. At issue is whether

Paula Lehne Netherton ("Paula") or James Dennis Lehne, Jr.'s Estate and his beneficiaries

(collectively "Jr.'s Estate") are the owners of 423.911 acres in Menard County ("the Property")

bequeathed by James Dennis Lehne, Sr. in his will. In the trial court, both parties moved for

summary judgment. The trial court granted the motion for summary judgment filed by Jr.'s Estate.

Paula now appeals.

On October 26, 1972, James Dennis Lehne, Sr. made the following will:

> THAT I, James Dennis Lehne, Sr. of Menard County, Texas, realizing the uncertainty of life and desiring to settle my worldly affairs while I have the strength and understanding so to do, hereby make and publish this my Last Will and Testament hereby revoking all wills heretofore made by me, and do direct:

> ### I.

> It is my will that all my just and legal debts be paid out of my estate, including expenses of last sickness, funeral expenses and cost of administration as soon as the same can be accomplished in accordance with good business principals, by my executor hereinafter named.

> ### II.

> I hereby will and bequeath unto my beloved son, Edwin Ruthven Lehne, for the term of his natural life, all that certain 423.911 acres of land out of the West part of those certain lands as conveyed to George Lehne in Partition Deed dated April 1, 1931 . . . .

> That the said Edwin Ruthven Lehne may enjoy the rents, revenues and income from said tract of land for and during the term of his natural life.

> Being mindful of the fact that my said son, Edwin Ruthven Lehne is incompetent, and James Dennis Lehne, Jr. is duly appointed and qualified guardian of his estate, and being desirous of the fact that the above described land is willed and bequeathed to Edwin Ruthven Lehne for the term of his natural life so as that he will have the comforts of life from the rents and revenues therefrom, it is my will that in the event James Dennis Jr. predeceases Edwin Ruthven Lehne, I hereby appoint and suggest to the County Court of Menard County, Texas that it appoint William Louis Lehne, my nephew, as guardian of his estate, should James Dennis Lehne, Jr. predecease Edwin Ruthven Lehne.

> ### III.

> I hereby will and bequeath unto my other beloved son, James Dennis Lehne, Jr., the following property:
> (a) *The remainder fee simple title in and to the 423.911 acres of land hereinabove described, a life estate of which was bequeathed to Edwin Ruthven Lehne, to have and to hold unto the said James Dennis Lehne, Jr., the remainder fee simple title to said land*;
> (b) I further hereby will and bequeath unto the said James Dennis Lehne, Jr. all other property . . . SAVE AND EXCEPT, of course, the life estate in the said 423.911 acres of land; to have and to hold unto him, the said James Dennis Lehne, Jr.

IV.

I hereby name, constitute and appoint the said James Dennis Lehne, Jr. sole and independent executor of this my Last Will and Testament, direct that he act without bond and be free from the control and interference of any Court whatsoever in the settlement of my estate SAVE ONLY that he offer this Will for probate and cause an inventory, appraisement and list of claims of my estate to be filed.

V.

*In the event James Dennis Lehne, Jr. predeceases me or dies before the property in paragraph III vests in him, and only in that event, I hereby will and bequeath unto my daughter-in-law, Dorothy Jean Lehne and her daughter, Paula Jean Crawley, share and share alike, all of the property bequeathed to James Dennis Lehne, Jr. in paragraph III above.*

THIS I MAKE AND PUBLISH as my Last Will, hereunto signing and subscribing my name, this 26th day of October 1972 in the presence of Helen K. Willis and Janice Zesch, who attest the same at my request.

(emphasis added).

Sixth months after James Dennis Lehne, Sr. made the above will, his son James Dennis Lehne, Jr. adopted Paula Jean Crawley. Thus, in March 1973, Paula legally became Paula Lehne.[1] Four years later, on May 20, 1977, James Dennis Lehne, Sr. died and his will was admitted to probate. Twenty-three years later, on May 8, 2000, Dorothy Jean Lehne died intestate. Paula was her only heir. Seven years later, on June 20, 2007, James Dennis Lehne, Jr. died. Less than a year later, on March 5, 2008, Edwin Ruthven Lehne died. Thus, James Dennis Lehne, Jr. lived longer than his father James Dennis Lehne, Sr., but predeceased his brother, Edwin Ruthven Lehne.

Both parties moved for summary judgment. At issue in the summary judgment proceeding and now on appeal is what James Dennis Lehne, Sr. meant by the phrase in paragraph V "*or dies before the property in paragraph III vests in him.*" (emphasis added). Paula argues that under the will, James Dennis Lehne, Jr. did not hold a vested remainder interest in the Property and that

---

[1] In 1999, Paula married Fred Netherton and thus became Paula Lehne Netherton.

because he died prior to the expiration of the life estate, the Property never fully vested in him. In other words, Paula contends that James Dennis Lehne, Jr.'s remainder fee simple interest was contingent on him living longer than his brother Edwin. She emphasizes by including the phrase "or dies before the property in paragraph III vests in him," the testator must have meant something different than merely surviving the testator. Jr.'s Estate disagrees, contending that the remainder fee simple interest vested in James Dennis Lehne, Jr. at the time of his father's death and that his interest was not contingent on him outliving his brother. Jr.'s Estate stresses that the phrase "or dies before the property in paragraph III vests in him" contains no explicit survivorship language and that a trial court cannot imply such survivorship language. The trial court agreed with Jr.'s Estate and granted its motion for summary judgment.

A party moving for summary judgment must show that no genuine issue of material fact exists and that the party is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). Here, both motions for summary judgment were based on a question of law. *See Eckels v. Davis*, 111 S.W.3d 687, 693 (Tex. App.—Fort Worth 2003, pet. denied). When both parties move for summary judgment on the same issue and the trial court grants one motion and denies the other, we consider the summary judgment evidence presented by both sides, determine all questions presented, and if we determine that the trial court erred, render the judgment the trial court should have rendered. *Id.*

The construction of a will is a question of law. *Eckels*, 111 S.W.3d at 694. In construing a will, we ascertain the intent of the testator from the four corners of the will. *Id.* The question "is not what the testator intended to write, but the meaning of the words he or she actually used." *In re Estate of Slaughter*, 305 S.W.3d 804, 809 (Tex. App.—Texarkana 2010, no pet.). "In this regard, the terms of the will are to be ascribed their plain, ordinary, and generally accepted meanings,

unless the instrument itself shows such terms to have been used in a technical or a different sense." *Id.* If the language is unambiguous, we "construe the will based on the express language used therein" and "[n]o speculation or conjecture regarding the intent of the testat[or] is permissible." *Frost Nat'l Bank v. Newton*, 554 S.W.2d 149, 153 (Tex. 1977). Whether the language in a will is ambiguous is a question of law. *In re Estate of Slaughter*, 305 S.W.3d at 808. If we can give a "certain or definite legal meaning or interpretation to the words used, the will is unambiguous," and we construe it as a matter of law from the four corners of the will. *Id.* "A will is ambiguous only when the established rules of construction leave its terms susceptible to more than one reasonable meaning." *Id.* at 809. A will is not ambiguous simply "because the parties disagree on the will's interpretation or because of a simple lack of clarity." *Id.*

Under established rules of construction, we attempt to harmonize all parts of a will and thus "a latter clause in a will must be deemed to affirm, not to contradict, an earlier clause in the same will." *Id.*; *see Eckels*, 111 S.W.3d at 694. If possible, we construe the will so that no provision is rendered meaningless. *Eckels*, 111 S.W.3d at 694. And, finally, "Texas law favors a construction that allows vesting at the earliest possible time, and Texas courts will not construe a remainder as contingent when it can reasonably be taken as vested." *McGill v. Johnson*, 799 S.W.2d 673, 675 (Tex. 1990) (interpreting "at the death of my said son" to refer only to the time of enjoyment or possession, not to the time the remainder vested).

In applying these rules of construction, we first note that the phrase in Paragraph V "or dies before the property in paragraph III vests in him" contains no explicit survivorship language. Instead, it states that the Property in paragraph III must "vest" in James Dennis Lehne, Jr. In *Bufford v. Holliman*, 10 Tex. 560, 572 (Tex. 1853), the Texas Supreme Court defined a vested remainder as

an immediate right of present enjoyment or a present fixed right of future enjoyment. A grant of an estate to A for life, and, after his death, to B in fee, is a fixed right of future enjoyment in B, and is consequently, a vested remainder. It is a fixed interest, to take effect in possession after a particular estate is spent.

In *Bufford*, the testator bequeathed property to his wife "during her natural life, and at her death 'to become the property of my own children, as well as of Alfred, my wife's son.'" *Id.* at 561. The court explained that the "law favors the construction that remainders are vested at the death of the testator, so as not to cut off the heirs of the remaindermen who may happen to die before the death of the tenant for life." *Id.* at 572. Thus the supreme court held that the remainder to the testator's children and to his step-son vested at the time of testator's death and did not remain in contingency until the death of the life tenant. *Id.* And, because "the bequest became an actual estate in the legatees at the death of the testator, it follows that the interest of such of the remaindermen as died before the termination of the life estate descended to their heirs." *Id.* at 573.

In *Guilliams v. Koonsman*, 154 Tex. 401, 406, 279 S.W.2d 579, 582 (1955), the supreme court further explained,

> While it has been said that "[t]he law favors the vesting of estates at the earliest possible period, and will not construe a remainder as contingent where it can reasonably be taken as vested," *Caples v. Ward*, 107 Tex. 341, 179 S.W. 856, 858 (1915), nevertheless, when the will *makes survival a condition precedent to the vesting of the remainder*, it must be held to be contingent. In 36 Tex. Jur., Remainders and Reversions, § 7, p. 877, it is said: "The contingency upon which vesting or ownership is dependent may be the survival of the named taker at the time when the grant or devise is limited to take effect in possession or it may be another event the happening of which is uncertain." *See also* 33 Am. Jur. 535; Powell on Real Property, Vol. 2, § 278, p. 474 and § 328, p. 721. The rule for determining whether a remainder is vested or contingent is thus stated by Gray in his work on The Rule Against Perpetuities: "If the conditional element is incorporated into the description of, or into the gift to the remainder-man, then the remainder is contingent; *but if, after words giving a vested interest, a clause is added divesting it, the remainder is vested.*"

*Id.* (emphasis added). Thus, under Texas law, when a testator bequeaths a life estate in property and a remainder interest in the same property, the remainder interest is considered vested upon the

death of the testator. *In re Townley Bypass Unified Credit Trust*, 252 S.W.3d 715, 717 (Tex. App.—Texarkana 2008, pet. denied).

Here, in paragraph III of the will, the testator clearly bequeathed to James Dennis Lehne, Jr. the "remainder fee simple title in and to the 423.911 acres of land described, a life estate of which was bequeathed to Edwin Ruthven Lehne, to have and to hold unto the said James Dennis Lehne, Jr., the remainder fee simple title to said land." This language does not make the remainder fee simple contingent on anything other than, of course, the death of the testator. Much later, in paragraph V of the will, the testator states that "[i]n the event James Dennis Lehne, Jr. *predeceases me or dies before the property in paragraph III vests in him*, and only in that event . . . ." (emphasis added). Again, this language in paragraph V has no explicit survivorship language. *See McGill*, 799 S.W.2d at 675 (failing to find any definite language in the will or codicil showing that the sisters' remainder interests were intended to "vest" only upon the life tenant's death); *Shearrer v. Holley*, 952 S.W.2d 74, 78 (Tex. App.—San Antonio 1997, no writ) ("Appellees have failed to cite a single case in which a condition of survival has been implied when the instrument at issue contained neither a provision requiring survival nor a gift over in the event the remainderman predeceases the life tenant. We will not imply such a condition when none was expressed by the Grantors."). Instead, according to the will, the property in paragraph III "vested" in James Dennis Lehne, Jr. at the time of the testator's death. Thus, in harmonizing all parts of the will, we construe "dies before the property in paragraph III vests in him" to be simply describing in more detail the same event as the first clause "predeceases me." This construction is also consistent with allowing vesting at the earliest possible time. *See McGill*, 799 S.W.2d at 675 ("Texas law favors a construction that allows vesting at the earliest possible time, and Texas courts will not construe a remainder as contingent when it can reasonably be taken as vested."). Therefore, we agree with

Jr.'s Estate and hold that the trial court did not err in granting the motion for summary judgment filed by Jr.'s Estate.

As an alternative argument, Paula argues that the phrase "dies before the property in paragraph III vests in him" is ambiguous and that a question of fact exists. We disagree with Paula. As explained, the term "vests" has a definite legal meaning, and we can construe from the four corners of the will when the property in paragraph III vested in James Dennis Lehne, Jr. *See In re Estate of Slaughter*, 305 S.W.3d at 808 ("If the court can give a certain or definite legal meaning or interpretation to the words used, the will is unambiguous, and the court should construe it as a matter of law.").

We affirm the judgment of the trial court.

Karen Angelini, Justice