In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00025-CV


______________________________







IN RE: TOWNLEY BYPASS UNIFIED CREDIT TRUST








 


On Appeal from the Fourth Judicial District Court


Rusk County, Texas


Trial Court No. 2006-473




 




Before Morriss, C.J., Carter and Moseley, JJ.


Opinion by Justice Carter



O P I N I O N



 Does a spendthrift provision in a trust preclude the remainder beneficiary from devising by
a will his interest in the assets of the trust estate? 

 1. Facts and Background 

 W. D. Townley's will contained a trust leaving a life estate to Josie Townley, his wife. Upon
her death, the trust was to terminate and the remainder of the assets was to be split between the two
children, Billy Ray Townley and Jimmy LaRue Wilson. The will contained a spendthrift provision
which prohibited any beneficiary from assigning or transferring any income or principal before
receiving it. W. D. Townley's will made no provision if either child predeceased his or her mother,
the very thing that occurred when Billy Ray died before his mother. Several years later when Josie
died, it was uncontroverted the daughter, Jimmy LaRue Wilson, was entitled to one half of the estate,
but since Billy Ray predeceased his mother, the trial court was requested to determine how the other
one half was to be distributed. The trial court determined that the son's one-half interest was vested
and thus transferred through his will to his widow rather than by intestacy. We will affirm the
judgment of the trial court. 

 2. Standard of Review

 The construction of a written instrument is a question of law for the court, and we are to
review such de novo. MCI Telecomm. Corp. v. Tex. Utils. Elec. Co., 995 S.W.2d 647, 650-51 (Tex.
1999). Here, the facts are not in dispute, but only the application of the law to those facts.

 3. Is This a Vested Remainder Interest? 

 Typically, a remainder interest occurs when a possessory interest in property (often a life
estate) is given to one person, with a subsequent taking of the estate in another person. Here, the
trust document created the trust for the benefit of the mother, with all income, and potentially all
corpus, to be utilized for her benefit as determined to be appropriate by the trustee. Upon the
mother's death, the trust terminated and directed that the corpus then be distributed to the son and
daughter. (1)

 If a remainder interest is in an ascertainable person, and no condition precedent exists other
than the termination of prior estates, then it is a vested remainder. "Texas courts will not construe
a remainder as contingent when it can reasonably be taken as vested." McGill v. Johnson, 799
S.W.2d 673, 675 (Tex. 1990); see also Pickering v. Miles, 477 S.W.2d 267, 270 (Tex. 1972). 

 It is settled that a remainder is vested when there is a person in being at the creation of the
interest who would have a right to immediate possession upon termination of the intermediate estate. 
Chadwick v. Bristow, 146 Tex. 481, 208 S.W.2d 888, 891 (1948); Bradford v. Rain, 562 S.W.2d
514, 518 (Tex. Civ. App.--Texarkana 1978, no writ); Reilly v. Huff, 335 S.W.2d 275, 278 (Tex. Civ.
App.--San Antonio 1960, no writ). In this case, the son met this criteria, and his remainder interest
can reasonably be taken as vested. In fact, there is no substantial basis in the record for any other
conclusion. See Shearrer v. Holley, 952 S.W.2d 74, 79 (Tex. App.--San Antonio 1997, no writ).

 It is argued that, because the amount that might ultimately pass by the remainder interest was
uncertain, it could not vest. There is no authority provided supporting that position, and a number
of the cases cited above involve similar facts--a life estate, with remainder interest to another. The
fact that the estate might, in part or whole, be consumed, is not a factor. In Bradford, this Court held
explicitly that the character of a remainder as vested is not affected by an uncertainty as to the
question of a quantum which will be received by the remainderman when he or she becomes entitled
to possession. Bradford, 562 S.W.2d at 518.

 The remainder interest was vested. Under normal circumstances, then, it could be transferred
from its owner to another person. 

 4. The Spendthrift Provision

 At trial, and now on appeal, the focus by the parties and the trial court was on the proper
application of a spendthrift clause within the bypass trust. The clause reads as follows:

 (E) Spendthrift Clause. No Beneficiary of the trust shall have the right or power
to anticipate by assignment or otherwise any income or principal given to such
beneficiary of this Trust Agreement, or in advance of actually receiving the same,
have the right or power to sell, transfer, encumber or in anywise charge same; nor
shall such income or principal, or any portion of same, be subject to any execution,
garnishment, attachment or legal sequestration, levy or sale, or in any event or
manner be applicable or subject, voluntarily or involuntarily to the payment of such
Beneficiary's debts. (2)


 As previously noted, under general rules of law, Texas favors a construction that allows
vesting at the earliest possible time. See McGill, 799 S.W.2d at 675; Chadwick, 208 S.W.2d at 891. 
Such a construction has been uniformly held to be in the public interest because it provides for a
more complete disposition of property interests and provides for greater legal effectiveness. See Rust
v. Rust, 211 S.W.2d 262, 266 (Tex. Civ. App.--Austin), aff'd, 147 Tex. 181, 214 S.W.2d 462
(1948); Chadwick, 208 S.W.2d at 891. 

 We agree with the trial court that an interest had vested in the son before his death. However,
at the time of that vesting, the only interest was, at best, an expectancy that might or might not ripen
into the right of possession of anything at all, as the corpus could have been consumed by the trust
for the mother's benefit before he had any right to actually receive under the trust terms. (3) 

 Under the Texas Trust Act, a "beneficiary" includes, in the case of a decedent's estate, an heir,
legatee, and devisee and, in the case of a trust, an income beneficiary and a remainder beneficiary. 
Tex. Prop. Code Ann. § 116.002(2) (Vernon Supp. 2007). A remainder beneficiary is later defined
as a "person entitled to receive principal when an income interest ends." Tex. Prop. Code Ann. §
116.002(11) (Vernon Supp. 2007). The more general definition is found in Section 111.004(2) of
the Texas Property Code, which states broadly that a beneficiary is a person for whose benefit
property is held in trust, regardless of the nature of the interest. Tex. Prop. Code Ann. § 111.004(2)
(Vernon Supp. 2007). Under either of these definitions, the son was a beneficiary of the trust, and
it appears that he also qualified as a remainder beneficiary under the statute.

 Under the express terms of the testamentary bypass trust, after the mother died, the trust
terminated, with directions to the trustee to distribute the corpus to the son and daughter. Thus, the
corpus became part of the son's estate upon the mother's death. The question is then, was the corpus
to be distributed under the terms of his will, or does the spendthrift provision require distribution
under the laws of intestacy?

 The language of the spendthrift provision states that the beneficiary had no right or power
to "anticipate" any principal given under the trust agreement or, in advance of actually receiving it,
have the right or power to transfer any principal given under the trust agreement. The clause
prevents creditors from reaching the trust.

 Appellant argues that the son's will leaving his property to his wife is necessarily a transfer
and falls within the spendthrift trust's restriction. Consequently, it is argued the trial court erred in
determining that the son's remainder interest passed to his devisee, his widow. Neither of the parties
has cited any Texas precedent on this issue, and we have found none. Therefore, we turn to other
sources for guidance. 

 Some analogous situations are helpful. In the case of In re Estate of Campbell, 394 P.2d 784
(Haw. 1964), a somewhat similar situation was presented. The issue there was whether a deceased
beneficiary could leave income that had accumulated, but not distributed, before death to a devisee
by will even though the trust included a spendthrift provision. The spendthrift provision of the trust
stated that all payments "shall be valid and effectual only when made to the beneficiary, devisee or
legatee, in person, to whom the same shall appertain and belong, and upon his or her individual
receipt." Welsh v. Campbell, 42 Haw. 490, 495 (Haw. 1958).

 The court stated, "The purpose of the inclusion of the spendthrift clause in the will was to
protect an improvident beneficiary against his own folly by insulating him against overreaching
creditors. It does not evidence intent to restrict the amount of income for a beneficiary's
maintenance." Id. (citing Cromwell v. Converse, 143 Atl. 416 (Conn. 1928)). "The spendthrift
provisions should not be taken to cut off benefits which would in the absence of such provisions be
conferred by the will." Id. Further, the Hawaii court quoted from a second edition of Scott's treatise
on trusts. The same provision of that treatise is now found at IIA Austin Wakeman Scott &
William Franklin Fratcher, The Law of Trusts § 158.1 (4th ed. 1987): 

 Where the income of a trust estate is payable to a beneficiary and he dies, his
personal representatives are entitled to the income that has accrued at the time of his
death and that has not been paid to him, unless it is otherwise provided by the terms
of the trust. Even though it is provided by the terms of the trust or by statute that the
interest of the beneficiary shall not be transferable by him or subject to the claims of
his creditors, the beneficiary's interest in such accrued income passes on his death to
his personal representatives, if it would so pass in the absence of such a restraint on
alienation. The purpose of the restraint on alienation is to protect the beneficiary, and
when he dies he no longer needs such protection. The purpose is not to deprive the
beneficiary's estate of the income which was payable to him but that had not been
paid at the time of his death. Whatever is thus received by the personal
representatives is a part of his estate and is subject to the claims of his creditors. 
Unless the claims of creditors preclude it, the beneficiary can dispose by will of his
right to the income accruing up to the time of his death.


Id. (footnote omitted). 

 Appellant cites Cowdery v. Northern Trust Co., 321 Ill. App. 243 (Ill. App. Ct. 1944). In that
case, the spendthrift trust directed that the beneficiary was to have no control of any of the trust's
income "until after actual receipt thereof by such actual beneficiary." Once again, the issue of
distribution of income that had accumulated during the beneficiary's lifetime, but had not been
distributed before death, was before the court. The Illinois court held that the spendthrift provision
precluded the distribution of the income to the beneficiary's estate:

 Whatever may be the purpose, generally, of restraint on alienation in spendthrift
trusts, the terms used in the trust herein involved go further than mere protection of
the beneficiary during his lifetime. They exclude control of such income by any
beneficiary until same is actually received by the actual beneficiary, not his or her
representative, and bar claims of creditors after, as well as before, the death of
beneficiaries.

 

Id.

 This discussion, while relevant, is not directly on point since it involves income accumulated,
but not distributed, before the beneficiary's death, rather than property received after the beneficiary's
death.

 The Restatement of Trusts also has some discussion of this topic. In general comment (g)
of Section 58(2) of the Restatement (Third) of Trusts it is stated that, on the death of the beneficiary
of a spendthrift trust, his or her executor or administrator is entitled to accrued income. Further, in
the reporter's notes to that general comment to that subsection, Scott's treatise is cited for the
proposition that interests, other than accrued income, may pass by will of the beneficiary despite the
spendthrift trust provision.

 '[S]pendthrift trusts are upheld on the ground that it is not against public policy to
permit the settlor in creating the trust to protect the beneficiary against his own
improvidence. When the beneficiary dies, the need for such protection ceases. There
would seem no reason, therefore, why on his death his creditors should not be able
to reach his interest under the trust if his interest has not ceased on his death.' A
continuing income or remainder interest in the trust, despite the spendthrift
provision, is transferable by will or intestacy for the same reason, and also because
the right to pass the continuing interest on to others is a natural feature of such an
interest as it was given to the beneficiary by the settlor.


Restatement (Third) of Trusts § 58 reporter's notes, cmt. g (2003) (emphasis added).

 Unlike the other authorities cited, the Restatement appears to address not only income that
was accumulated during the lifetime of the beneficiary, but also a remainder interest in the trust. We recognize that these are not controlling authorities, but, having found none, we will
follow the logic and reasoning of the Restatement. We agree that the purpose of the spendthrift
provision is to protect the beneficiary from his or her own folly, a purpose that cannot be promoted
after the beneficiary's death. Further, Texas law recognizes that a person of sound mind has a perfect
legal right to dispose of his or her property as that person wishes. Rothermel v. Duncan, 369 S.W.2d
917, 923 (Tex. 1963).

 

 For the reasons stated, we affirm the judgment of the trial court. 







 Jack Carter

 Justice


Date Submitted: February 13, 2008 

Date Decided: April 9, 2008


1. We note that other terms describing the son's interest would be more traditionally correct,
such as secondary beneficiary, or a tertiary beneficiary. However, the current version of the Texas
Trust Code identifies such as a "remainder beneficiary," and we will utilize that terminology from
this point forward.
2. Section 112.035(1) of the Texas Property Code states that spendthrift provisions in trusts
are lawful, providing that a settlor may provide a term stating that the interest of a beneficiary in
income or principal "may not be voluntarily or involuntarily transferred before payment or delivery
of the interest to the beneficiary by the trustee." Tex. Prop. Code Ann. § 112.035(1) (Vernon Supp.
2007).
3. Restatement (Third) of Trusts § 49 (2003) states that, except as limited by law or public
policy, the extent of the interest of a trust beneficiary depends upon the intention manifested by the
settlor.