FILED
March 31, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

ACCEPTED
03-14-00561-CV
4520225
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/16/2015 5:52:55 PM
JEFFREY D. KYLE
CLERK

**03-14-00561-CV**

RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/16/2015 5:52:55 PM
JEFFREY D. KYLE
Clerk

# IN THE COURT OF APPEALS OF TEXAS
## THIRD DISTRICT, AUSTIN

### DANA DUSCHMANN and KEVIN BIERWIRTH,
Appellants,

V.

### FEDERAL NATIONAL MORTGAGE ASSOCIATION,
Appellee.

On Appeal from the County Court at Law No. 2
Travis County, Texas
Trial Court Cause No. C-1-CV-14-006351

## APPELLANT'S BRIEF

Dana Dutschmann
c/o 13276 Research Blvd. Ste. 204
Austin, Texas 78750
dana.dutschmann@hotmail.com
(512) 779-6254

# IDENTITY OF THE PARTIES

**Appellant**

Dana Dutschmann
c/o 13276 Research Blvd. Ste. 204
Austin, Texas 78750

**Appellee**

FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE)

**Counsel for Appellee**

Douglas G. Dent
6836 Bee Caves Road, Bldg. 3, Suite 303
Austin, TX 78746

# TABLE OF CONTENTS

Identity of Parties and Counsel....................................................................i

Table of Contents.......................................................................................ii

Table of Authorities...................................................................................iii

Statement of Jurisdiction...........................................................................1

Statues, Rules and Authorities Relevant to the Case.................................1

Statement of the case.................................................................................3

Issues Presented........................................................................................4

Argument and Authorities..........................................................................4

Issue One: Whether Appellant was Denied Equal Rights......................4

Issue Two: Whether Appellant was treated with equality....................4, 5

Issue Three:  Whether Appellant was denied an open court and a
remedy at law............................................................................................4, 7

Issue Four:  Whether the Court's premature issuance of a Wirt of Possession
Denied due process of law..........................................................................4, 10

Conclusion.................................................................................................12

Prayer........................................................................................................12

Certificate of Service.................................................................................13

Certificate of Compliance..........................................................................13

Appendix....................................................................................................14

# TABLE OF AUTHORITIES

## CASES

*Hanks v. City of Port Arthur*, 121 Tex. 202, 48 S.W.2d 944, 945 (1932)...10

*In re BLD*, 113 S.W. 3d 340, (Tex. 2003)..........................................11

*Lassiter v. Department of Social Services*, 452 U.S. 18 (1981)..............11

*Lucas v. United States*, 757 S.W.2d 687, 690 (Tex.1988)...................8, 9

*Morrison v. Chan*, 699 S.W.2d 205 at 207 (Tex. 1985)........................8

*Nelson v. Krusen*, 678 S.W.2d 918, 921 (Tex.1984)............................8

*Pettit v. Penn.*, La.App., 180 So.2d 66, 69.......................................8

*Sax v. Votteler*, 648 S.W.2d 661, 666 (Tex. 1983).......................8, 9, 10

*State v. Green*, 232 S.W.2d 897, 903 (Mo. 1950)................................7

*Texas Ass'n of Business v. Texas Air Control Bd.*,
852 S.W.2d 440, 448, (Tex. 1993)..................................................9

*Wallingford v. Trinity Universal Ins. Co.*, 252 S.W.3d 720

(TexApp.—Amarillo 2007)............................................................9

**STATUTES**

Texas Property Code, Chapter 51................................................1

**RULES**

Tex.Prop.C. §24.007................................................2, 4

Tex R.Civ.P. 510.13................................................2, 4, 10

**TEXAS CONSTITUTION**

Texas Constitution, Art.1 Sec. 3................................................1

Texas Constitution, Art.1 Sec. 3a................................................1

Texas Constitution, Art.1 Sec. 13................................................1, 7

Texas Constitution, Art.1 Sec. 19................................................1,2

Texas Constitution, Art.1 Sec. 29................................................1, 2

Texas Constitution, Art.5 Sec. 6................................................1

**REFERENCES**

Black's Law Dictionary, 6th Edition................................................8

## STATEMENT OF JURISDICTION

This Court has jurisdiction of the appeal because Appellant appeals a final Judgment from the Travis County Court at Law #2, Travis County, Texas. Texas Constitution, Art.1 Sec. 3, Sec. 3a, Sec. 13, Sec. 19, Sec. 29, and Art. 5, Sec. 6

This Court has jurisdiction concerning appeal of forcible detainer proceedings, Texas Property Code, Chapter 51.

## STATUTES, RULES AND AUTHORITIES RELEVANT TO THE CASE

**Texas Constitution**

**Art. 1, Sec. 3** . EQUAL RIGHTS. All free men, when they form a social compact, have equal rights, and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public services.

**Art. 1, SEC. 3a.** EQUALITY UNDER THE LAW. Equality under the law shall not be denied or abridged because of sex, race, color, creed, or national origin. This amendment is self-operative.

**Art. 1, Sec. 13.** EXCESSIVE BAIL OR FINES; CRUEL AND UNUSUAL PUNISHMENT; REMEDY BY DUE COURSE OF LAW. Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted. All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.

1

**Art. 1, Sec. 19.** DEPRIVATION OF LIFE, LIBERTY, ETC.; DUE COURSE OF LAW. No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land.

**Art. 1, Sec. 29.** PROVISIONS OF BILL OF RIGHTS EXCEPTED FROM POWERS OF GOVERNMENT; TO FOREVER REMAIN INVIOLATE. To guard against transgressions of the high powers herein delegated, we declare that everything in this "Bill of Rights" is excepted out of the general powers of government, and shall forever remain inviolate, and all laws contrary thereto, or to the following provisions, shall be void.

Tex R.Civ.P. 510.13. Writ of Possession on Appeal. The writ of possession, or execution, or both, will be issued by the clerk of the county court according to the judgment rendered, and the same will be executed by the sheriff or constable, as in other cases. The judgment of the county court may not be stayed unless within 10 days from the judgment the appellant files a supersedeas bond in an amount set by the county court pursuant to Section 24.007 of the Texas Property Code.

Tex.Prop.C. §24.007 Appeal: (a) A judgment of a county court in an eviction suit may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court. In setting the supersedeas bond the county court shall provide protection for the appellee to the same extent as in any other appeal, taking into consideration the value of rents likely to accrue during appeal, damages which may occur as a result of the stay during appeal, and other damages or amounts as the court may deem appropriate.

(b) Notwithstanding any other law, an appeal may be taken from a final judgment of a county court, statutory county court, statutory probate court, or district court in an eviction suit.

## STATEMENT OF THE CASE

Dana Dutschmann rented a property at 3305 Spaniel Drive, Austin, Texas, from Kevin Birthwirth. On August 7, 2014, judgment in a forcible detainer case was rendered in favor of Federal National Mortgage Association. At that point, the case was timely appealed and both the statute and the rules state that Appellant has 10 days in which to post a supersedeas bond in order to stay execution of the writ.

The Court issued a writ of possession on August 13, 2014, six days after judgment and four days before the time to post a supersedeas bond expires. Further, the trial court judge must set the amount of supersedeas bond to be posted, and it did not, and after a Motion to Set Supersedeas Bond, would not allow a hearing on the matter until after the execution of the writ.

As a result, Appellant and her possession were summarily and unlawfully tossed to the curb. Appellant asserts that she was denied equal rights, equality, an open court and a remedy by due course of the law, all Texas Constitutional violations.

# ISSUES PRESENTED

## ISSUE ONE
### WHETHER APPELLANT WAS DENIED EQUAL RIGHTS

## ISSUE TWO
### WHETHER APPELLANT WAS TREATED WITH EQUALITY

## ISSUE THREE
### WHETHER APPELLANT WAS DENIED AN OPEN COURT AND A REMEDY AT LAW

## ISSUE FOUR
### WHETHER THE COURT'S PREMATURE ISSUANCE OF A WRIT OF POSSESSION DENIED DUE PROCESS OF LAW


## ARGUMENTS AND AUTHORITIES

### ISSUE ONE
#### Whether Appellant was denied equal rights

1.     Texas Rules of Civil Procedure 510.13 states that in a suit for forcible detainer that has been appealed for a de novo trial to a county court, when judgment is against the tenant at sufferance, the judgment of the county court may not be stayed unless within 10 days from the judgment the appellant files a supersedeas bond in an amount set by the county court pursuant to Section 24.007 of the Texas Property Code.

2.     The plain meaning of the statute is clear. After a judgment in county court, the amount of supersedeas bond must be set and Appellant has ten days in which to post it.

3.   None of this occurred.  The bond amount was not set and the writ issued before the ten days.

4.   This is not the normal practice of the courts, and Appellant asserts to this court that except where the court is exhibiting prejudice against a particular defendant, it is the normal policy and practice of the court to 1) set a bond amount and 2) wait the mandatory ten days before issuing a writ of possession.  In this instance,  the Travis County Courts at Law #1 and #2 harbor extreme prejudice against interpleader Kevin Bierwirth.   Because of her association with Mr. Bierwirth, Appellant was denied equal rights protection.

**ISSUE TWO**
**Whether Appellant was treated with Equality**

5.   Appellant asserts she was not treated with equality.  The statute and the rule previously cited would lead a normal person to believe that the words of the statute and rule apply equally to all who approach the court in any matter, whether it be a forcible detainer or not. Appellant offers evidence that she was not treated equally as it applies to others.

6.   Appellant notices this Court of the case of *KBRealtron Management v. Frank Seliger*, Cause No. C-1-CV-14-003211, Travis County Court at Law #1. When the first suit for forcible detainer went to the County Court at Law #1, Judge Phillips, after realizing that the name KBRealtron Management was associated

5

with Kevin Bierwirth, summarily dismissed the case against the renter, Seliger, forcing the owner of the property, Ethiopian Evangelical Church to file another suit for eviction. Appendix, Exhibit 1

7. When the second suit was adjudicated as *Ethopian Evangelical Church v. Frank M. Seliger*, Cause No. C-1-CV-14-005819, Judge Phillips, after a jury trial, entered judgment on September 15, 2014, setting an appeal bond of $13,500. Appendix Exhibit 2

8. On September 24, 2014, Seliger posted bond with a personal check. On September 26, 2014, the check was dishonored. Appendix Exhibit 3 page 5. When notified, The Ethopian Church ordered a writ of possession which was posted on September 29, 2014. Appendix Exhibit 4 At that point, upon the complaint of Seliger, Judge Phillips set an immediate hearing for September 30, 2014, at which time Judge Phillips hand wrote an order recalling the writ and noting that the appeal bond has been paid into the court registry. Appendix Exhibit 5

9. On November 5, 2014, the cash bond of $13,500 was paid into the court registry. Appendix Exhibit 6 page 7

10. In the instant case, no appeal bond was set, when Appellants motioned for a hearing to set bond, Appellants were not given an immediate hearing although the court knew that time was of the essence. (In Seliger's case, a hearing was set the day after the writ had posted). The writ issued on the 6th day, not the 11th, in

6

contradiction to county court rules, and, Appellant could not approach the court for relief, as, the clerk refused to schedule a timely hearing.

11.  Please take note that one (1) day after Seliger's house was posted because no supersedeas bond was in the registry, Judge Phillips convened an immediate hearing and gave Mr. Seliger relief which Seliger, by law, did not have coming.

12.  Appellant offers these facts and relates the incidents because it is evident from the treatment of the two defendants that Appellant did not receive equal treatment in the county court.

### ISSUE THREE
**Whether Appellant was denied an open court and a remedy at law**

13.  The open-courts provision in Texas Constitution Art. Sec. 13 says an injured person "shall have remedy by due course of law" and prohibits the Legislature from unreasonably abrogating well-established common-law claims. "Due Process of law implies and comprehends the administration of laws equally applicable to all under established rules which do not violate fundamental principles of private rights, and in a competent tribunal possessing jurisdiction of the cause and proceeding upon justice. It is founded upon the basic principle that every man shall have his day in court, and the benefit of the general law which proceeds only upon notice and which hears and considers before judgement is rendered." *State v. Green*, 232 S.W.2d 897, 903 (Mo. 1950).

7

14.     "The phrase means that no person shall be deprived of life, liberty, property or of any right granted him by statute, unless matter involved first shall have been adjudicated against him upon trial conducted according to established rules regulating judicial proceedings, and it forbids condemnation without a hearing, *Pettit v. Penn.,* La.App., 180 So.2d 66, 69." Black's Law Dictionary, 6th Edition, page 500.

15.     This provision, known as the "open courts" provision, is premised upon the rationale that the legislature has no power to make a remedy by due course of law contingent upon an impossible condition. *Morrison v. Chan,* 699 S.W.2d 205 at 207 (Tex. 1985); *Nelson v. Krusen,* 678 S.W.2d 918, 921 (Tex.1984). In order to establish an "open courts" violation, a litigant must satisfy a two-part test: first, he must show that he has a well-recognized common-law cause of action that is being restricted; and second, he must show that the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute. *Lucas v. United States,* 757 S.W.2d 687, 690 (Tex.1988); *Sax v. Votteler,* 648 S.W.2d 661, 666 (Tex. 1983).

16.     The Texas Supreme Court has determined that this provision includes at least three separate constitutional guarantees: (1) courts must actually be operating and available; (2) the legislature cannot impede access to the courts through

8

unreasonable financial barriers; and (3) meaningful remedies must be afforded, "so that the legislature may not abrogate the right to assert a well-established common law cause of action unless the reason for its action outweighs the litigants' constitutional right of redress." *Texas Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440, 448 (Tex.1993). Wallingford's argument invokes the third guarantee. *Wallingford v. Trinity Universal Ins. Co.,* 252 S.W.3d 720 (TexApp.— Amarillo 2007)

17.     A litigant challenging a statute on the third open courts guarantee must satisfy two criteria:   First, it must be shown that the litigant has a cognizable common law cause of action that is being restricted. Second, the litigant must show that the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute. *Lucas v. United States,* 757 S.W.2d 687, 690 (Tex.1988), *quoting Sax v. Votteler,* 648 S.W.2d 661, 666 (Tex.1983).  *See Wallingford v. Trinity Universal Ins. Co.* 252 S.W.3d 720 (Tex.App.—Amarillo 2007).

18.     Appellant questions neither the standing of the Plaintiff nor the subject matter jurisdiction of the court.  Appellant instead asserts that once a case is firmly embodied in a court all parties have equal access to set hearings and be heard.  This process is part of the open courts right.  When some parties can gain instant access to a hearing and others cannot be timely heard, it can only be assumed that the courts are not open to the parties who cannot schedule a timely hearing.

9

19. All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law. The "Open Courts Provision" is, quite plainly, a due process guarantee. *Sax v. Votteler,* 648 S.W. 2d 661, (Tex. 1983); *Hanks v. City of Port Arthur,* 121 Tex. 202, 48 S.W.2d 944, 945 (1932).

20. Appellant was entitled to the right to file a supersedeas bond, however, because the court would not set a timely hearing date (within ten days of the judgment) in order to name a bond amount, and because the court issued the writ of possession five days before it lawfully could, Appellant was denied an open court and a remedy at law.

## ISSUE FOUR
### Whether the Court's premature issuance of a Writ of Possession denied due Process of law

21. Tex.R.Civ.P. 510.13 and Tex.Prop.C. §24.007 both state that an appellant has ten days in which to post a supersedeas bond in the amount the court has set, before execution of a judgment.

22. In this case, the court issued the writ 5 days before the deadline for filing a bond. The court made it even more difficult on Appellant, as it did not set the amount of bond when it issued judgment.

The phrase "due process', although incapable of precise definition, expresses the requirement of fundamental fairness. *In re BLD*, 113 S.W. 3d 340, (Tex. 2003); *See Lassiter v. Department of Social Services*, 452 U.S. 18 (1981).

24. What fundamental fairness requires in a particular situation is determined by "considering any relevant precedents, and then ...assessing the several interests that are at stake. *Id Lassiter* at 25, 101 S.Ct. 2153.

25. What was at stake in this case was the untimely and unlawful execution of a writ of possession which caused undue harm to Appellant.

26. What was at stake in this case was the reliance of Appellant on the law, the right to post a supersedeas bond within ten days of the judgment. That right was denied her.

27. Had the law been followed and the court acted in a fair and forthright manner, Appellant would still be ensconced in her home while the issue of the application of the two year statute of limitations was being heard by this court.

28. Since the issuance is contrary and in defiance of all law on the matter as it pertains to county courts, Appellant claims that she was denied due Process of law.

## CONCLUSION

29. County Court at Law #2 did not follow the Texas statute or Rule of Court when it disenfranchised Appellant from her home without due process.

30. County Court at Law #2 did not allow Appellant timely access to the courts in order to effect a remedy.

31. County Court at Law #2 did not grant equal nor fair treatment to Appellant.

32. Appellant has been damaged by the denial of due process and inequality exhibited by the County Court at Law #2 in this case.

33. To grant access to the court and to remedy, even when it is misapplied, and to not grant another party a scintilla of equal treatment is a violation of the Texas Constitution Bill of Rights.

## PRAYER

Appellant prays that this Court will examine the unfair and unlawful treatment of Appellant in this instance and remand the case back to the trial court, order the court to set a supersedeas bond amount, and restore the status quo to the date of judgment.

Appellant prays that decency, fairness and the upholding of the letter of the law will prevail in this appeal.

Respectfully submitted,

Dana Dutschmann

12

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of Appellant's Brief was sent by U. S. Postal Service on March 13, 2015.

Douglas G. Dent
6836 Bee Caves Road, Bldg. 3, Suite 303
Austin, TX 78746

## CERTIFICATE OF COMPLIANCE

I, the undersigned, do hereby certify that the number of words in this Appellant's Brief is 2,740 words.

APPENDIX

TRIAL COURT JUDGMENT

EXHIBIT 1
ORDER OF DISMISSAL CAUSE #C-1-CV-14-003211

EXHIBIT 2
JUDGMENT IN CAUSE #C-1-CV-14-005819

EXHIBIT 3
TRAVIS COUNTY CLERK'S REGISTRY FOR CAUSE #C-1-CV-14-005819
Pages 1-6

EXHIBIT 4
WRIT OF POSSESSION CAUSE #C-1-CV-14-005819

EXHIBIT 5
ORDER AND RECALL OF WRIT IN CAUSE #C-1-CV-14-005819

EXHIBIT 6
TRAVIS COUNTY CLERK'S REGISTRY FOR CAUSE #C-1-CV-14-005819
Page 7

14

# EXHIBIT 1

No. C-1-CV-14-003211

| | | |
|---|---|---|
| KBREALTRON MANAGEMENT, | § | IN THE COUNTY COURT |
| Plaintiff | § | |
| VS. | § | AT LAW NUMBER 1 |
| FRANK M. SELIGER | § | |
| Defendant | § | TRAVIS COUNTY, TEXAS |

## ORDER OF DISMISSAL

Be it remembered that on the 15th of May, 2014, came on to be heard evidence in the above-referenced case. It appears that KBRealton Management is not the owner of the subject premises and is not entitled to bring this suit in its own name.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the above-styled and numbered cause be and it hereby is dismissed with prejudice. All costs of court are taxed against the plaintiff. The clerk is ordered to pay over all rent deposited in this case to the Ethiopian Evangelical Christian Church at 3106 E. 14 ½ Street, Austin, Texas 78702.

Signed this the 15th of May, 2014.

_____
J. David Phillips, Judge

UNOFFICIAL

000865360

# EXHIBIT 2

CAUSE NO. C-1-CV-14-005819

| ETHIOPIAN EVANGELICAL CHURCH Plaintiff, | § § § | IN THE COUNTY COURT |
|---|---|---|
| v. | § § | AT LAW NO. 1 |
| FRANK M. SELIGER, Defendant. | § § § | TRAVIS COUNTY, TEXAS |

## JUDGMENT

On the 25th day of August, 2014, came to be tried in its regular order the above-styled and numbered cause, wherein ETHIOPIAN EVANGELICAL CHURCH, Plaintiff, appeared by and through its counsel of record, James Minerve, and announced ready for trial and FRANK M. SELIGER, Defendant, appeared in person and announced ready for trial. A Jury was requested and assembled and all matters in controversy of fact were submitted to the jury. The Jury returned a verdict that the Defendant take nothing, and that the Plaintiff regains possession of the property described as 2108 EAST YAGER LANE, AUSTIN, TEXAS 78754. It is the opinion of the Court that the Plaintiff is justly entitled to a judgment against the Defendant and it is accordingly:

ORDERED, ADJUDGED AND DECREED by the Court that ETHIOPIAN EVANGELICAL CHURCH, Plaintiff, do have and recover from FRANK M. SELIGER, Defendant, possession of the premises described as 2108 EAST YAGER LANE, AUSTIN, TEXAS 78754.

ORDERED, ADJUDGED AND DECREED by the Court that ETHIOPIAN EVANGELICAL CHURCH, Plaintiff, do have and recover from FRANK M. SELIGER, Defendant, the sum of $9,000.00} and costs of court together with interest thereon at the rate of 5% per annum, and for which let execution issue in Plaintiff's behalf.

ORDERED, ADJUDGED AND DECREED by the Court that ETHIOPIAN EVANGELICAL CHURCH, Plaintiff, do have and recover from FRANK M. SELIGER, Defendant, the sum of $2,000.00 for the necessary services of Ethiopian Evangelical Church's attorney. *The Clerk is ordered to pay to Ethiopian Evangelical Church all the money deposited in the registry of the court. Any money so paid is to be a credit to this judgment.*

SIGNED and RENDERED this the _____ day of September, 2014.

*Appeal bond is set at $13,500.—*



_____
Judge David Phillips
County Court at Law 1

Approved as to Substance and Form

UNOFFICIAL

000903116

# EXHIBIT 3

TRAVIS COUNTY, STATE OF TEXAS
P. O. BOX 149325
AUSTIN, TEXAS 78714-9325

TIME: 03:39:58 PM
DATE: Jan 9, 2015
PAGE: 1

C-1-CV-14-005819      ETHIOPIAN CHURCH VS SELIGER
       PARTY:
   COURT/JUDGE: CC2   COUNTY COURT AT LAW #2     STATUS:   DO    DISPOSED
     FILING DATE: 06-24-2014                   CASE TYPE:   CJP    CV J P APPEAL
DATE CASE ENTERED: 06-24-2014
  EVENT CATEGORY:
       PERIOD:             TO

| DATE | PARTY | EVENT | RECEIPT # | AMOUNT |
|------|-------|-------|-----------|--------|
| 06-24-2014 | DF 1 | ASM:CV JP APPEAL FILING | | $257.00 |
| | | Create New Case and Assess/Waive - Assessment Event | | |
| 06-24-2014 | DF 1 | OPN:CV JP APPEAL FILED PRO SE | | |
| 06-24-2014 | DF 1 | ISS:CV NTC OF APPEAL AND COSTS | | |
| 06-24-2014 | PL 1 | ISS:CV MONEY ON DEPOSIT LTR | | |
| 06-24-2014 | DF 1 | ORD:CV CASH BOND ORDERED | | $1500.00 |
| 06-24-2014 | DF 1 | PMT:CV CASH BOND PAYMENT<br>Received Of: SELIGER FRANK M<br>Memo: BANK OF AMERICA | C 108825 | $-1500.00 |
| 07-14-2014 | DF 1 | ORD:CV APPEAL BD RENT ORDERED | | $1000.00 |
| 07-14-2014 | | MSC:CV OTHER<br>REQUESTING A PRE-TRIAL HEARING TO SET A JURY-TRIAL IN THIS CASE | | |
| 07-14-2014 | DF 1 | PMT:CV APPEAL BD RENT PAYMENT<br>Received Of: SELIGER FRANK M<br>Memo: | C 109184 | $-1000.00 |
| 07-14-2014 | DF 1 | PMT:CV JP APPEAL FILING<br>Received Of: SELIGER FRANK M<br>Memo: | C 109185 | $-257.00 |
| 07-23-2014 | DF 1 | ASM:CV JURY DEMAND FEE<br>SELIGER FRANK M | | $22.00 |
| 07-23-2014 | DF 1 | PMT:CV JURY DEMAND FEE<br>Received Of: SELIGER FRANK M<br>Memo: | C 109281 | $-22.00 |

TRAVIS COUNTY, STATE OF TEXAS
P. O. BOX 149325
AUSTIN, TEXAS  78714-9325

TIME:  03:39:58 PM
DATE:  Jan 9, 2015
PAGE:  2

C-1-CV-14-005819                    ETHIOPIAN CHURCH VS SELIGER
         PARTY:
   COURT/JUDGE: CC2   COUNTY COURT AT LAW #2      STATUS:  DO    DISPOSED
    FILING DATE: 06-24-2014                       CASE TYPE:  CJP    CV J P APPEAL
DATE CASE ENTERED: 06-24-2014
  EVENT CATEGORY:
        PERIOD:              TO

| DATE | PARTY | EVENT | RECEIPT # | AMOUNT |
|------|-------|-------|-----------|--------|
| 07-31-2014 | | MOT:CV FOR JUDGMENT | | |
| | | PORPOSED ORDER ATTACHED | | |
| 08-05-2014 | DF 1 | PLD:CV ANSWER FILED PRO SE | | |
| 08-05-2014 | DF 1 | PMT:CV CASH BOND PAYMENT<br>Received Of:  SELIGER FRANK M<br>Memo: | C  109447 | $-1000.00 |
| 08-13-2014 | | PLD:CV PEREZ QCR COMPLETED | | |
| 08-15-2014 | | PLD:CV PEREZ QCR COMPLETED | | |
| 08-18-2014 | | MOT:CV CONTINUANCE | | |
| 08-18-2014 | | JDP:CV JUDGE'S ACTION | | |
| | | parties appeared on plaintiff's motion for writ of possessio<br>n. motion denied as this is not a pauper's affidavit appeal.<br>defendant has paid the appeal bond as set by the JP. | | |
| 08-19-2014 | PL 1 | ASM:CV ISSUANCE FEE<br>FRANK M. SELIGE | | $8.00 |
| 08-19-2014 | PL 1 | ASM:CV CONSTABLE 5 SERVICE FEE<br>FRANK M. SELIGE | | $150.00 |
| 08-19-2014 | | PLD:CV LETTER TO CLERK | | |
| | | SUBPOENA REQUEST: LEM LEM (LEMI) BERHAN | | |
| 08-19-2014 | | ISS:CV SUBPOENA | | |
| | | PLACED IN CONSTABLE'S BOX | | |
| 08-19-2014 | | PLD:CV LETTER TO CLERK | | |

TRAVIS COUNTY, STATE OF TEXAS
P. O. BOX 149325
AUSTIN, TEXAS  78714-9325

TIME:  03:39:58 PM
DATE:  Jan 9, 2015
PAGE:  3

C-1-CV-14-005819                                    ETHIOPIAN CHURCH VS SELIGER
PARTY:
COURT/JUDGE: CC2   COUNTY COURT AT LAW #2         STATUS:  DO   DISPOSED
FILING DATE: 06-24-2014                           CASE TYPE:  CJP   CV J P APPEAL
DATE CASE ENTERED: 06-24-2014
EVENT CATEGORY:
PERIOD:              TO

| DATE | PARTY | EVENT | RECEIPT # | AMOUNT |
|------|-------|-------|-----------|--------|
| | | subpoena request : Pastor Paulos Wildesendt | | |
| 08-19-2014 | | ISS:CV SUBPOENA | | |
| | | PLACED IN CONSTABLE'S BOX | | |
| 08-19-2014 | PL 1 | PMT:CV ISSUANCE FEE | C  109633 | $-8.00 |
| | | Received Of: FRANK M. SELIGE | | |
| | | Memo: | | |
| 08-19-2014 | PL 1 | PMT:CV CONSTABLE 5 SERVICE FEE | C  109633 | $-150.00 |
| | | Received Of: FRANK M. SELIGE | | |
| | | Memo: | | |
| 08-21-2014 | | PLD:CV PEREZ QCR COMPLETED | | |
| 08-26-2014 | | CT: JURY SELECTED | | |
| 08-26-2014 | | CT: VERDICT RETURN | | |
| 08-26-2014 | | RET:CV SUBPOENA RET SERVED | | |
| | | 08/20/2014 | | |
| 08-27-2014 | | MSC:CV OTHER | | |
| | | PLAINTIFF'S PROPOSED JURY CHARGES | | |
| 08-27-2014 | | RET:CV SUBPOENA RET SERVED | | |
| | | 08/21/2014 | | |
| 08-27-2014 | | ORD:CV WRITTEN INSTRUCTIONS | | |
| 08-27-2014 | | ORD:CV CHARGE OF THE COURT | | |
| 09-02-2014 | DF 1 | ORD:CV APPEAL BD RENT ORDERED | | $1500.00 |

TRAVIS COUNTY, STATE OF TEXAS
P. O. BOX 149325
AUSTIN, TEXAS 78714-9325

TIME: 03:39:58 PM
DATE: Jan 9, 2015
PAGE: 4

C-1-CV-14-005819                      **ETHIOPIAN CHURCH VS SELIGER**
                        PARTY:
           COURT/JUDGE: CC2   COUNTY COURT AT LAW #2      STATUS:   DO   DISPOSED
           FILING DATE: 06-24-2014                        CASE TYPE:  CJP   CV J P APPEAL
DATE CASE ENTERED: 06-24-2014
      EVENT CATEGORY:
              PERIOD:              TO

| DATE | PARTY | EVENT | RECEIPT # | AMOUNT |
|------|-------|-------|-----------|--------|
| 09-02-2014 | | MOT:CV OTHER | | |
| | | MOTION TO HAVE A HEARING TO DETERMINE THE DEFENDANT'S SUPERSEDEAS BOND | | |
| 09-02-2014 | DF 1 | PMT:CV APPEAL BD RENT PAYMENT | C  109771 | $-1500.00 |
| | | Received Of:  SELIGER FRANK M | | |
| | | Memo: | | |
| 09-15-2014 | | MSC:CV ORD TO DISB SENT ACCTNG | | |
| 09-15-2014 | | DSP:CV FINAL JUDGMENT JURY VER | | |
| 09-15-2014 | PL 1 | MSC:CV NOTIF CHANGE OF ADDRESS | | |
| 09-15-2014 | DF 1 | ISS:CV NOT OF JDG RULE 306 | | |
| 09-18-2014 | DF 1 | ISS:CV NOT OF JDG RULE 306 | | |
| 09-18-2014 | | DSB:CV CASH BOND DISBURSEMENT | | $2450.00 |
| | | DISBURSED $2,450.00 CK #4597 | | |
| | | Paid to the order of: Ethiopian Evangelical Church | | |
| | | C-1-CV-14-005819 | | |
| | | Cash Bond Disbursement | | |
| 09-18-2014 | DF 1 | DSB:CV APPEAL BD RENT DISBURSE | | $1500.00 |
| | | DISBURSED $1,500.00 CK #4598 | | |
| | | Paid to the order of: Ethiopian Evangelical Church | | |
| | | C-1-CV-14-005819 | | |
| | | Rent Bond Disbursement | | |
| 09-18-2014 | | DSB:CV APPEAL BD RENT DISBURSE | | $1000.00 |
| | | DISBURSED $1,000.00 CK #4599 | | |
| | | Paid to the order of: Ethiopian Evangelical Church | | |
| | | C-1-CV-14-005819 | | |
| | | Rent Bond Disbursement | | |

TRAVIS COUNTY, STATE OF TEXAS
P. O. BOX 149325
AUSTIN, TEXAS 78714-9325

TIME: 03:39:58 PM
DATE: Jan 9, 2015
PAGE: 5

C-1-CV-14-005819                    **ETHIOPIAN CHURCH VS SELIGER**
PARTY:
COURT/JUDGE: CC2   COUNTY COURT AT LAW #2        STATUS:  DO   DISPOSED
FILING DATE: 06-24-2014                          CASE TYPE: CJP  CV J P APPEAL
DATE CASE ENTERED: 06-24-2014
EVENT CATEGORY:
PERIOD:            TO

| DATE | PARTY | EVENT | RECEIPT # | AMOUNT |
|------|-------|-------|-----------|--------|
| 09-24-2014 | DF 1 | MOT:CV OTHER | | |
| | | MOTION: TO AMEND THE JUDGMENT RENDERED IN THIS CASE- SO THAT THE DEFENDENT HAS FINANCIAL CLARIFICATION ABOUT WHAT SPECIFICALLY IS OWED TO WHOM | | |
| 09-24-2014 | DF 1 | NTC:CV APPEAL | | |
| 09-24-2014 | DF 1 | ORD:CV CASH BOND ORDERED | | $13500.00 |
| 09-24-2014 | DF 1 | PMT:CV CASH BOND PAYMENT | C  110123 | $-13500.00 |
| | | Received Of:  SELIGER FRANK M | | |
| | | Memo:  DISHONORED BY 580 | ON 09-26-2014 | |
| 09-25-2014 | | MSC:CV ASSIGNMENT OF APPEAL | | |
| | | ASSIGNED TO: BLAIR HICKS | | |
| 09-25-2014 | | JDP:CV JUDGE'S ORDER | | |
| | | FINAL JUDGMENT AFTER JURY TRIAL: | | |
| 09-26-2014 | DF 1 | ASM:CV RETURNED CHECK FEE | | $25.00 |
| | | DISHONORED PAYMENT | | |
| 09-26-2014 | DF 1 | PMT:CV CASH BOND PAYMENT | | $13500.00 |
| | | NEGATING RECEIPT C - 000110123 (DISHONORED PAYMENT) | | |
| 09-26-2014 | PL 1 | ASM:CV WRIT OF POSS OR SEQUES | | $5.00 |
| | | BERHAME LEMLEM | | |
| 09-26-2014 | PL 1 | ASM:CV SERVICE WRIT OF POSSESS | | $160.00 |
| | | BERHAME LEMLEM | | |
| 09-26-2014 | | PLD:CV LETTER TO CLERK | | |

TRAVIS COUNTY, STATE OF TEXAS
P. O. BOX 149325
AUSTIN, TEXAS 78714-9325

TIME: 03:39:58 PM
DATE: Jan 9, 2015
PAGE: 6

C-1-CV-14-005819                    **ETHIOPIAN CHURCH VS SELIGER**
PARTY:
COURT/JUDGE: CC2  COUNTY COURT AT LAW #2        STATUS: DO   DISPOSED
FILING DATE: 06-24-2014                          CASE TYPE:  CJP   CV J P APPEAL
DATE CASE ENTERED: 06-24-2014
EVENT CATEGORY:
PERIOD:                  TO

| DATE | PARTY | EVENT | RECEIPT # | AMOUNT |
|------|-------|-------|-----------|--------|
| 09-26-2014 | PL 1 | PMT:CV WRIT OF POSS OR SEQUES<br>Received Of: BERHAME LEMLEM<br>Memo: | Z  2700 | $-5.00 |
| 09-26-2014 | PL 1 | PMT:CV SERVICE WRIT OF POSSESS<br>Received Of: BERHAME LEMLEM<br>Memo: | Z  2700 | $-160.00 |
| 09-29-2014 | DF 1 | ISS:CV WRIT OF POSSESSION<br><br>PLACED IN CONSTABLE'S BOX | | |
| 09-30-2014 | DF 1 | ASM:CV RETURNED CHECK FEE<br><br>Check was held, received p/c from Seliger on Friday, 9-26 re<br>garding check status. Told accounting staff there was a prob<br>lem. Received 1st notice from Chase Bank regarding check. Ca<br>lled bank 9/30/2014, appears the check did go through. No NS<br>F.<br>Cindy Bohanan | | $-25.00 |
| 09-30-2014 | | JDP:CV JUDGE'S ORDER<br><br>order recalling writ of possession. jdp | | |
| 09-30-2014 | | ORD:CV OTHER<br><br>ORDER RECALLING WRIT | | |
| 10-02-2014 | | PLD:CV FILE COPY OF LETTER | | |
| 10-02-2014 | DF 1 | RET:CV WRIT POSS RET UNSRVD | | |
| 10-20-2014 | DF 1 | PLD:CV DESIGNATION OF RECORD | | |
| 11-03-2014 | DF 1 | ASM:CV COPY FEE APPEAL | | $131.00 |
| 11-03-2014 | | MSC:CV CALL TO COUNSEL LESS 15<br><br>NOTIFIED APPELLANT OF COST FOR CLERK'S RECORD | | |

TRAVIS COUNTY, STATE OF TEXAS
P. O. BOX 149325
AUSTIN, TEXAS 78714-9325

TIME: 03:39:58 PM
DATE: Jan 9, 2015
PAGE: 7

C-1-CV-14-005819                    **ETHIOPIAN CHURCH VS SELIGER**

PARTY:
COURT/JUDGE: CC2   COUNTY COURT AT LAW #2          STATUS: DO   DISPOSED
FILING DATE: 06-24-2014                           CASE TYPE: CJP   CV J P APPEAL
DATE CASE ENTERED: 06-24-2014
EVENT CATEGORY:
PERIOD:              TO

| DATE | PARTY | EVENT | RECEIPT # | AMOUNT |
|------|-------|-------|-----------|--------|
| 11-05-2014 | DF 1 | ORD:CV CASH BOND ORDERED | | $13500.00 |
| 11-05-2014 | DF 1 | PMT:CV CASH BOND PAYMENT<br>Received Of: SELIGER FRANK M<br>Memo: | C  110671 | $-13500.00 |
| 11-13-2014 | | MSC:CV CALL TO COUNSEL LESS 15<br><br>SPOKE TO APPELLANT RE: UNPAID TRANSCRIPT FEE; APPELLANT<br>SAID THAT HE WOULD PAY BY FRIDAY, 11/14 (TRANSCRIPT IS DUE<br>IN THE THIRD COURT ON MONDAY 11/17) | | |
| 11-18-2014 | DF 1 | PMT:CV COPY FEE APPEAL<br>Received Of: SELIGER FRANK M<br>Memo: | C  110808 | $-131.00 |
| 11-24-2014 | | PLD:CV FILE COPY OF LETTER | | |

# EXHIBIT 4

RECALLED BY ORDER OF PLAINTIFFS ATTORNEY

REQUESTOR: **FESS HABTE-AB**
**3106 E 14 ½ ST**
**AUSTIN, TX 78702**
**(512) 998-5579**



000910850

## *WRIT OF POSSESSION*

THE STATE OF TEXAS
COUNTY OF TRAVIS
CAUSE NO. **C-1-CV-14-005819**

**ETHIOPIAN EVANGELICAL CHURCH**, Plaintiff vs. **FRANK M. SELIGER**, Defendant

To any Sheriff or any Constable within the State of Texas:
On September 15, 2014, in **COUNTY COURT AT LAW #2** of Travis County, Texas, in the above-styled and numbered cause, judgment was granted against said Defendant(s)(Tenant)entitling the said Plaintiff(s)to possession of the following-described premises to wit:
**2108 EAST YAGER LANE, AUSTIN, TEXAS 78754**

**THEREFORE YOU ARE COMMANDED TO:**
1. enter such premises and deliver possession thereof to the landlord;
2. instruct the Tenant (Defendant) and all persons claiming under the tenant to leave the premises immediately, and, if the persons fail to comply, physically remove them.
3. instruct the Tenants to remove or to allow the landlord, the landlord's representatives or other persons acting under the officer's supervision, to remove all personal property from the premises other than personal property claimed to be owned by the landlord; and
4. place, or have an authorized person place, the removed personal property outside the premises at a nearby location, but not blocking a public or private sidewalk, passageway, street, or parking area, and not while it is raining, sleeting, or snowing;
5. post a written warning on the exterior of the front door of the premises notifying the Tenant that this writ has been issued and that it will be executed on or after a specific date and time stated in the warning not sooner than 24 hours after the warning is posted. You are authorized at your discretion to engage the services of a bonded warehouseman to remove and store part or all of the property at no cost to the Landlord or the officer executing the writ. You are notified that you are not liable for damages resulting from the execution of this writ, if executed in good faith with reasonable diligence. You may use reasonable force, if necessary, in executing this writ.

Issued and given under my hand and seal of said court at Austin, Texas by Dana DeBeauvoir, County Clerk, Travis County, Texas on **September 29, 2014.**

By _G DALESSIO_

**G DALESSIO**

Page 1 of 2

**\*\*$160.00 SERVICE FEE PAID\*\***

------------------------------**19TH**-------OFFICER'S RETURN-----------------------------------

Came to hand the **29** day of **September**, 20**14** at **324** o'clock **P** M and

**Not** executed on the _____ day of _____, 20___ at _____ o'clock ___M

To certify which witness my hand officially: _____

Constable, Pct. 5, Travis County, TX

**\* Recalled Per Requesting Agent. See Attached.**

C-I-CV-14-005819

36C - 000000862

Carlos B. Lopez
Constable Pct. 5, Travis County, Texas

2014 SEP 29 PM 3: 24

TRAVIS COUNTY, TEXAS

UNOFFICIAL

# EXHIBIT 5

Ethiopian Evangelical Church
_Name of Plaintiff/landlord_

v.

Frank M. Seliger
_Name of Tenant/Defendant_

Cause No: C-1CV-14005819

County @

2014 SEP 30 PM 3:09
DANA DEBEAUVOIR
COUNTY CLERK
TRAVIS COUNTY, TEXAS

## Order

The Writ of Possession issued on September 29th, 2014 in connection with the case above ~~is recalled and rescinded~~. The $13,500 Appeal bond has been paid into the court registry.

000908063

September 30, 2014

_Judge J David Phillips,_

~~Clarification: The tenant was assessed a $13,500 Appeal bond I said (in the Judgment hearing) that that $13,500 represents 9 months rent at $1,500 a month~~

**From:** Alan Redd
**Sent:** Tuesday, September 30, 2014 10:53 AM
**To:** Derrick Hill
**Subject:** FW: C-1-CV-14-005819 Ethiopian Church vs. Seliger

See below

*Alan J. Redd*
Sergeant
Office of Carlos B. Lopez
Travis County Constable, Pct. 5
1003 Guadalupe St.
Austin, TX 78701
www.Constable5.com
Alan.redd@co.travis.tx.us

512-854-9100
512-854-9767 (dispatch)
512-854-4228 (fax)

* *The Courthouse Constable*
* Serving Travis and surrounding counties
* Your e-file experts - *specify Pct. 5 for service*
* 24/7 online service check

*Note: This correspondence is intended for the listed recipient only. If received in error, please destroy and contact this office. No information contained within this correspondence is to be construed as legal advice offered or given. It is recommended that you contact legal counsel to determine how to proceed in accordance with the laws and statutes of the State of Texas.

**From:** Michelle Bryant
**Sent:** Tuesday, September 30, 2014 10:51 AM
**To:** Alan Redd
**Subject:** C-1-CV-14-005819 Ethiopian Church vs. Seliger

Please recall the writ of possession for cause C-1-CV-14-005819 Ethiopian Church vs. Seliger. The Defendant, Seliger has appealed the case and paid a $13,000.00 appeal bond.

Thank you

**Michelle Bryant**
**Civil Team**
**Travis County Clerk's Office**
**Mail:**
**P.O. Box 149325, Austin, TX 78714-9325**
**Hand Delivery:**
**Room 222, 1000 Guadalupe, Austin, TX 78701**
**Overnight Delivery:**
**5501 Airport Blvd., Austin, TX 78751-1410**
**(512) 854-9188 [Call Center]**
**civil@co.travis.tx.us**
**Please visit our new website:**
**www.TravisCountyClerk.org**

1

# EXHIBIT 6

TRAVIS COUNTY, STATE OF TEXAS
P. O. BOX 149325
AUSTIN, TEXAS 78714-9325

TIME: 03:39:58 PM
DATE: Jan 9, 2015
PAGE: 7

C-1-CV-14-005819                    **ETHIOPIAN CHURCH VS SELIGER**

PARTY:
COURT/JUDGE: CC2   COUNTY COURT AT LAW #2        STATUS: DO   DISPOSED
FILING DATE: 06-24-2014                          CASE TYPE: CJP   CV J P APPEAL
DATE CASE ENTERED: 06-24-2014
EVENT CATEGORY:
PERIOD:              TO

| DATE | PARTY | EVENT | RECEIPT # | AMOUNT |
|------|-------|-------|-----------|--------|
| 11-05-2014 | DF 1 | ORD:CV CASH BOND ORDERED | | $13500.00 |
| 11-05-2014 | DF 1 | PMT:CV CASH BOND PAYMENT<br>Received Of: SELIGER FRANK M<br>Memo: | C  110671 | $-13500.00 |
| 11-13-2014 | | MSC:CV CALL TO COUNSEL LESS 15<br><br>SPOKE TO APPELLANT RE: UNPAID TRANSCRIPT FEE; APPELLANT<br>SAID THAT HE WOULD PAY BY FRIDAY, 11/14 (TRANSCRIPT IS DUE<br>IN THE THIRD COURT ON MONDAY 11/17) | | |
| 11-18-2014 | DF 1 | PMT:CV COPY FEE APPEAL<br>Received Of: SELIGER FRANK M<br>Memo: | C  110808 | $-131.00 |
| 11-24-2014 | | PLD:CV FILE COPY OF LETTER | | |